CASE 30—PETITION—APRIL 28.

# Redwine v. Underwood, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. COMMENCEMENT OF ACTION—WARNING ORDER—AFFIDAVIT FOR—ATTACHMENT.—Under the provisions of section 194, of the Civil Code, an attachment may be issued only at or after the commencement of an action, and an attachment issued before summons is issued or warning order is made, is void; and as under the provision of section 57, sub-section 2, the clerk is not authorized to make a warning order unless the defendant is a non-resident and believed to be absent from the State, in this suit in which the plaintiff failed to allege that the defendant was believed to be absent from the State, the warning order issued against him was void, and the action was not commenced within the meaning of section 39, of the Civil Code; and under such an attachment, issued before the commencement of the action, no lien was acquired.

AVRITT & POSTON FOR APPELLANT.

1. Under the provisions of section 132, of the Civil Code, the plaintiff may at any time, before answer, amend his petition, without leave; and under section 134 the court may in its discretion permit an amendment at any time in the furtherance of justice;

Redwine v. Underwood, &c.

and the plaintiff had a right to file an amended petition curing the defects of the affidavit for a warning order, such defective affidavit merely making the warning order erroneous and not void. Hines v. Oldham, 3 T. B. Monroe, 206; Penningfield v. Rudd & Southerton 8 B. M., 102; Newcomb's Ex'r. v. Newcomb, 13 Bush, 544; Carr's Adm'r. v. Carr, 92, Ky.

2. The action is commenced by filing the petition asking summons to be issued and that warning order be made, Civil Code, section 39. The warning order was regularly made and has never been quashed, the jurisdiction of the court has never been lost, and there has never been a time when there was not a *lis pendens*.

3. A special proceeding may be amended and the amendment relates back to the beginning of the action so as to cure the defects and save the rights of the parties.

4. An amendment generally relates to the cause of action and not to the ground of attachment. That the defendant was believed to be absent from the state is not a ground for attachment, and it has been held by this court that when the amendment of the affidavit sets up any new cause of action, it is not an amendment to the grounds of attachment, but relates back to the beginning and preserves the original lien found against the purchaser in good faith or attaching creditors. Bamberger, Bloom & Co. v. Mayor, &c., 95 Ky., 517 and 552; Moses v. Roundtree, Adm'r., 11 Ky. Law Rept., 438; Lewis v. Quinker, 2 Met., 285.

5. It was a sufficient compliance with the law to state what the defendant's post office was, rather than to state the closest place to his place of residence where a post office is kept. Perkins v. McCarley, 16 Ky. Law Rept., 801.

HUMPHREY MARSHALL FOR APPELLEE.

1. Proper affidavit for the' warning order having not been made, the warning order issued was void, and that being true the action was never commenced within the meaning of the Code, and the attachment issued before the commencement of the action was void, and under it appellant could acquire no lien upon the attached fund. Civil Code, secs. 39 and 57, sub-secs. 2 and 7; sec. 58, sub-secs. 1, 2, 3, and 6; sec. 268, sub-sec. 2; Green's heirs v. Breckinridge's heirs, 4 Monroe, 541; Bond v. Hendricks, 1 Mon., 592; Estill's heirs v. Clay, 2 Marshall, 500; Brownfield v. Dwyer, 7 Bush, 506; Grigsby v. Barr, 14 Bush, 330; Hamilton v. Reike, 9 Ky. Law Rept., 197; Arthur v. Harlan, 78 Ky., 138; Hall & Head v. Grogan, 78 Ky., 11; Keller v. Stanley, 86 Ky., 240.

2. The issual of the warning order was the original process required to be issued by the plaintiff in the commencement of his action, and such process should be distinguished from *mesne* or intermediate process, such as attachment, which may be issued pending the action, or upon some collateral interlocutory matter. The warning order having been made without authority was absolutely void, and no subsequent step could revive it or make it binding.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, Redwine, sued H. C. Underwood in the circuit court of Jefferson county, common pleas division, on a claim amounting to the sum of $375. Underwood being a non-resident, a warning order was made by the clerk, and attachment sued out, and the Louisville & Nashville Railroad Company was served as garnishee. The said company admitted being indebted to the defendant in the sum of $174. The petition was filed on the 30th day of July, 1894, and on the same day the warning order was made by the clerk, and the attachment issued and served on the 7th day of August, 1894. The defendant, H. C. Underwood, sold and assigned all his claim against said Louisville & Nashville Railroad Company to his brother, Z. T. Underwood, and received therefor a sum equal to the amount so transferred. After the answer of the railroad company, Z. T. Underwood filed his petition in said suit, claiming the attached funds by virtue of his purchase, and filed the written assignment of H. C. Underwood to him. Both H. C. and Z. T. Underwood knew at the time the assignment was made that the garnishee had been executed on the proper officer of the company. The circuit court adjudged that appellee was entitled to the money, and from this judgment appellant Redwine has

appealed. And the contention arises on the validity of the
warning order made by the clerk upon the petition filed,
which was sworn to. The statement made in the petition
to procure a warning order does not state that H. C. Under-
wood is believed to be absent from this State. Section 57,
sub-section 2, authorizes the clerk to make a warning order
when the defendant is a non-resident, and believed to be
absent from the State of Kentucky. Section 39, Civil Code,
provides that: 'An action is commenced by filing in the
office of the clerk of the proper court, a petition stating
plaintiff's cause of action,  *   *   *   and by causing a sum-
mons to be issued or a warning order to be made thereon."
Section 194, Civil Code, provides: "The plaintiff may at or
after the commencement of an action have attachment
against the property of the defendant, including garnishee
as is provided in section 227, as a security for the satisfaction
of such judgment as may be recovered." It is well settled
by the decisions of this court that an attachment issued
before summons or warning order is void, and there is no
*lis pendens* until a summons is issued, or a warning order
made (sections 39, 194, Civil Code; Hall & Head, &c. v.
Crogan, &c., 78 Ky., 11; 'Keller v. Stanley, 86 Ky., 240).
Appellee contends that the order of warning made by the
clerk in this case was void, and, being void, no action had
been commenced, no summons having been issued when the
attachment was sued out; and, therefore, by the service on
the garnishee, no lien was created on the fund. This ques-
tion was before the Superior Court in the case of Hamilton
v. Reike & Son, 9 Ky. Law Rep., 197. The court says:
"The clerk had no authority to issue a warning order against

non-resident defendants, it not being stated in the plaintiff's affidavit that the affiant believed that the defendants were then absent from the State." In the case of Brownfield, &c. v. Dyer, &c., 7 Bush, 506, the court said: "In all proceedings upon constructive service the provisions of the Code regulating the same must be literally followed. Nothing short of a substantial compliance with every prerequisite will give the court jurisdiction of the property sought to be subjected to the payment of the plaintiff's claim. * * * The record must show on its face that the provisions of the Code have been substantially complied with, or the judgment will be void and inoperative." In the case of Grigsby, &c. v. Barr, &c., 14 Bush, 330, the court held that "all proceedings to subject the property of non-residents not actually served, who do not appear to the action, are in derogation of the common law, and nothing is to be presumed in favor of the jurisdiction." We are of opinion that the affidavit in this case for warning order was fatally defective, and gave the clerk no authority to make the warning order therein, and the same was void, and that the issual of the attachment and service on the railroad company gave appellee no lien on the attached funds.

The judgment of the lower court is affirmed.