## Warrick, et al. v. McCormick.

(Decided November 27, 1912).

### Appeal from Daviess Circuit Court.

1. Process—Constructive Service—Jurisdiction.—It is a well settled rule of construction that in all proceedings upon constructive service, the provisions of the Code of Practice regulating the same must be literally followed; nothing short of a substantial compliance with every prerequisite will give the court jurisdiction in such cases.

2. Process—Constructive Service—When Judgment Will Be Treated as Void.—The record must show upon its face that the provisions of the Code as to constructive service have been substantially complied with, or the judgment thereunder will be treated as void and inoperative.

3. Process—Warning Order—When Affidavit for Insufficient.—An affidavit for a warning order which stated that the "defendants are non-residents of this State, and now residing with their mother, in Dayton, Indiana," without stating that the affiant believed them to be then absent from the State of Kentucky, was insufficient to authorize the making of a warning order, and the same was void.

GILBERT H. HOLBROOK, for appellants.

FLOYD J. LASWELL for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellants, James W. Warrick, Luticia T. Warrick and Myrtle Rummage, brought this action against their co-tenants, Earl Rummage, Ethline Rummage and Ellis Rummage, under section 490, subsection 2, of the Civil Code, for the purpose of selling a tract of land containing 75 acres, upon the ground of its indivisibility, and for a division of the proceeds among the several joint owners. At the sale the appellee, John F. McCormick, became the purchaser. He filed five exceptions to the report of sale, four of which were overruled. The court, however, sustained the first exception, and set aside the sale; and, from that order the plaintiffs in the action prosecute this appeal.

The ground of the exception is that the affidavit as to the non-residence of the infant defendants, Ethline Rummage and Ellis Rummage, was not sufficient to authorize the making of the warning order against said defendants, and that they were not therefore before the court.

Section 39 of the Code of Practice provides that an action may be commenced by the filing of a petition in the office of the clerk of the proper court, and by causing a summons to be issued, or a warning order to be made thereon. Subsection 2, of section 57, however, provides that if the defendant be "a non-resident of this State, and believed to be absent therefrom," the clerk shall, subject to the provisions of section 58, make upon the petition the warning order referred to in section 39.

Section 58 provides that the clerk shall not make the warning order authorized by section 57, subsection 2, *supra,* except upon an affidavit of the plaintiff, or of his agent or attorney, showing the existence of the ground for the making of the warning order.

In the case at bar the affidavit upon which the warning order was made states that "the defendants, Ethline Rummage and Ellis Rummage, are non-residents of this State, and now reside with their mother, Luticia Warrick, and her husband, James W. Warrick, in Dayton, Indiana;" it does not state that the affiant believed them to be then absent from the State of Kentucky.

Appellants insist that this affidavit substantially complies with subsection 2 of section 57, *supra,* which authorizes the making of a warning order whenever it is properly made to appear that the defendant is a non-

resident of this State, and "believed to be absent therefrom."

It is a well settled rule of construction that in all proceedings upon constructive service, the provisions of the Code of Practice regulating the same must be literally followed; nothing short of a substantial compliance with every prerequisite will give the court jurisdiction in such cases. The record must show upon its face that the provisions of the Code have been substantially complied with, or the judgment will be treated as void, and inoperative. Brownfield v. Dyer, 7 Bush, 505; Clark v. Raison, 126 Ky., 490.

The precise question of the sufficiency of the affidavit now before us was passed upon in Redwine v. Underwood, 101 Ky., 193. In that case, as in this case, the affidavit did not state that the affiant believed the defendant was then absent from the State; and, in holding the affidavit insufficient to support the warning order, the court there said:

"Appellee contends that the order of warning made by the clerk in this case was void, and, being void, no action had been commenced, no summons having been issued when the attachment was sued out; and, therefore, by the service on the garnishee, no lien was created on the fund. This question was before the Superior Court in the case of Hamilton v. Reike & Son, 9 Ky. L. R., 197. The court says: 'The clerk had no authority to issue a warning order against non-resident defendants, it not being stated in the plaintiff's affidavit that the affiant believed that the defendants were then absent from the State.' * * * We are of opinion that the affidavit in this case for warning order was fatally defective, and gave the clerk no authority to make the warning order therein, and the same was void, and that the issual of the attachment and service on the railroad company gave appellee no lien on the attached funds."

From all that appears from the record the defendants, Ethline and Ellis Rummage, may have been in the State of Kentucky at the time the affidavit was made.

The circuit judge was fully warranted under the authorities in sustaining the exception to the report of sale, and his judgment is affirmed.