## Nuetzel, County Clerk v. Will, et al.

(Decided October 9, 1925.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Elections—Statute Relating to Printing of Names of Party Candidates on Ballot Held Complied With.—Ky. Stats., section 1460, relating to printing of names of party candidates on ballot, and requiring that device of each party shall be placed at head of list

of candidates of party, and that names of candidates shall be printed in parallel columns, held complied with by printing names of candidates for each party in two columns under party device, instead of all the candidates for each party in a single column, where to have printed ballot in latter fashion would have rendered it cumbersome and unwieldy.

2.    Statutes—Language of Statute should Receive Practical Construction, and be so Interpreted as to Preserve Purpose.—Language of statute should receive a practical construction, and be so interpreted as to preserve and carry out purpose in its enactment in such manner as to remove all hindrance from its easy and simple compliance.

SELLIGMAN & SELLIGMAN for appellant.

ALFRED SELLIGMAN and LAWRENCE MACKEY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action is a proceeding under the "Declaratory Judgment Act," properly brought to obtain a construction of that portion of section 1460 of our present statutes relating to the printing of names of party candidates on the ballot to be voted at the regular election in November. It appears from the record that each of the two dominant political parties (Democratic and Republican) have nominated for the various offices to be voted for at that election, in Louisville, Ky., 83 candidates. The section referred to mandatorily requires a blank space under the name of each candidate wherein the voter may write the name of any person for whom he desires to vote for that particular office. So that, to print the names of each nominee in one column with the required spaces under each name will make the ballot at least 54 inches long, and thereby render it cumbersome and unwieldy, both for the clerk to make out on the usually improvised and insufficient desks furnished at the polls, or the voters to stamp in the small booths provided for that purpose; and the advice of this court is sought as to whether it would be a violation of the terms of the section for the clerk to print the names of the candidates for each party in two parallel columns, if both of them are under one single party device, but so as the candidate of each party for the same office will be opposite each other. The trial court so held, and directed the clerk to print the names of the candidates for each party in two columns under the party device instead of all the candidates for each party in a single column, and from that judgment the clerk has appealed.

The applicable portion of the section says: "The arrangement of the ballot shall in general conform, as nearly as practicable, to the plan hereafter given, and the devices named and lists of the candidates of the various parties shall be printed in parallel columns, in such order as the secretary of state may direct, precedence, however, being given to the party which polled the higher number of votes for the head of the ticket in the last preceding election. The device of each party shall be placed at the head of the list of candidates of the party." There is nothing in it showing that it was the purpose of the legislature to mandatorily require that all of the candidates of any party should be printed in one single column on the ballot. It is only required that 'the device of each party shall be placed at the head of the list of candidates of the party," and that the names of the candidates "shall be printed in parallel columns." To print the ballot in the manner directed in the judgment of the lower court literally conforms to the requirements of the statute, though it would also be complied with by putting the names of all the candidates of one party in a single column. We are unable to discover any substantial reason for differing from the trial court in his interpretation. However, it will be observed that from the very language of the statute the legislature was mindful of the fact that the circumstance might be such that the printing of the ballot as illustrated in the section could not in every case be literally followed, and it, therefore, said that the printing of the ballot should, in general, conform to its illustration "as nearly as practicable," clearly indicating that in cases like the one before us, wherein it would be impractical to literally follow that form or plan, another might be adopted which was more practical and at the same time preserve the directions as to the printing of names in parallel columns and the list of candidates of each party under its device.

There is nothing contained in the section to prevent it from being interpreted by the same rules governing the interpretation of statutes generally; one of which is, that the language should receive a practical construction, and be so interpreted as to preserve and carry out the purpose of its enactment in such a manner as to remove all hindrance from its easy and simple compliance. Manifestly, if the names of the candidates of each party at the forthcoming regular election in the city of Louisville

should be printed in a single column it would make a ballot of such great length and shape as to delay the clerk in preparing it for the voter and the latter in stamping it, and at the same time difficult to fold so as to preserve its secrecy and its deposit in the ballot box as folded.

There appearing no logical reason why the printing of the ballot should not conform to the plan outlined in the judgment appealed from, and there being nothing in the statute imperatively or otherwise forbidding it, under similar circumstances appearing in this case, it is our conclusion that the pudgment was proper and it is affirmed.