## Monmouth Street Merchants' Bus Ass'n v. Ryan, Commissioner of Motor Transportation, et al.

(Decided Jan. 31, 1933.)

BARBOUR & BASSMANN and MORRIS & JONES for appellant. GALVIN & TRACY, BAILEY P. WOOTTON, Attorney General, and C. S. WEAKLEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

This is an appeal from a judgment of the Franklin circuit court approving and confirming an order and decision of the commissioner of motor transportation denying the Monmouth Street Merchants' Bus Association, hereinafter referred to as the association, a permit and dismissing the appeal of the association therefrom.

It appears that a number of retail merchants engaged in business on Monmouth street in Newport organized the association in 1922 for the purpose of operating a bus line between Newport and Dayton and passing through Bellevue. A bus was purchased and the line has since been in continuous operation. An

application for a permit to operate the bus line was filed with the commissioner of motor transportation on June 3, 1931, that being the first time the association had made such application.

At the hearing before the commissioner, the Cincinnati, Newport & Covington Railway Company appeared and resisted the application. There are in the record numerous petitions and affidavits filed by the respective parties and a transcript of the oral evidence heard by the commissioner. Practically all of this relates to the question of the necessity and convenience of the bus line; however, it will be unnecessary to review or consider the evidence on that question, since, as will presently appear, it is not material to a determination of this appeal.

The evidence clearly reveals that the route of the bus line as it has been and will continue to be operated is in its entirety within the corporate limits of and over streets maintained wholly by the three cities with no intervening rural territory or highways maintained by the county, state, or federal government. While Newport, Bellevue, and Dayton are separate and distinct political entities, their corporate boundaries adjoin and they are so laid out and connected by streets and otherwise as to form, in fact, one continuous urban territory.

Under chapter 112, Acts of 1926, which is a comprehensive act relating to the regulation of automobile transportation companies and the use of the highways of the state, all corporations, persons, or firms transporting persons for hire by motor vehicles over public highways in the state between fixed termini or over a regular route shall first procure a permit so to do from the commissioner of motor transportation. Section 27a of the act (section 2739j-27a, Kentucky Statutes) reads:

"Any person, firm or corporation operating motor vehicles for the transportation of persons for hire wholly within the corporate limits of any city or town, where the highway is not maintained in whole or in part by the state, county or federal government, U-drive-its, jitneys, taxicabs and busses operating on casual trips shall not be construed to be under any of the provisions of this act, except as to the payment of fees, but they shall not be exempt from the payment of any municipal, state or local license fee."

Prior to the adoption of this act there had been some discussion between the commissioner and the association as to whether the bus line was subject to control under the provisions of the act of 1924 (chapter 81) which exempted from its provisions transportation companies "operating exclusively within the incorporated limits of any city or town"; the proviso carrying such exemption being a portion of section 1 of the act defining various terms used therein. It is apparent that the commissioner construed the act of 1924 as not applying where no part of the route was over highways outside of a city but was wholly over the streets of one or more municipalities and maintained exclusively by them. However, section 1 in the act of 1926 (Ky. Stats., sec. 2739j-1) in part provides:

"The term 'between fixed termini or over a regular route' when used in this act means the termini or route, respectively, between or over which any motor transportation company usually or ordinarily operates any motor vehicle, even though there may be periodical or irregular departures from said termini or route, provided said termini or route is not wholly within the limits of a single incorporated municipality."

Under this latter provision it is contended by the commissioner and those resisting the application of the association that the act applies unless the entire operation is wholly within the corporate limits of a single incorporated municipality. If this contention is correct, the commissioner was clothed with jurisdiction to hear and determine the application; but if the act of 1926 be given the same construction and interpretation which was evidently placed upon the act of 1924 by the commissioner, then he is without such jurisdiction.

Where the words of a statute are so plain and unambiguous as to clearly express and reveal the legislative intent, no room is left for construction and it should be accepted and enforced as written. Gilbert v. Greene, 185 Ky. 817, 216. S. W. 105; James v. United States F. & G. Co., 133 Ky. 299, 117 S. W. 406; Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039; Hopkins v. Dickens, 188 Ky. 368, 222 S. W. 101. But when the language of the statute is such that it is susceptible of more than one construction, the fixed rule is to adopt the construction that will effectuate the mani-

fest purpose and intent of the Legislature. Burdine v. White, 173 Ky. 158, 190 S. W. 687; Goodpaster v. U. S. Mortgage Bond Co., 174 Ky. 284, 192 S. W. 35.

In determining the legislative intent, courts should take into consideration the reason of the statute, and give it such practical construction as will preserve its object, purpose, and policy. Nuetzel v. Will, 210 Ky. 453, 276 S. W. 137; Lanferman v. Vanzile, 150 Ky. 751, 150 S. W. 1008, Ann. Cas. 1914D, 563.

In construing particular sections or portions of an act, consideration will be given to the entire context and subject-matter in determining their meaning and purpose, and in cases of apparent conflict, they will be read together and if possible so reconciled as to give meaning to and carry out the obvious purposes of the act as a whole.

The difference in the language employed in sections 1 and 27a of the act of 1926, in excepting from its provisions certain lines of operation is significant. If it had been intended that the act should be given the narrow and restricted application contended for by appellees, it is manifest that the latter section would have been omitted from the act or the language of the former section would have been carried over to it. The manifest purpose of the act is to put under the regulation and control of the commissioner of motor transportation, all bus lines operated for hire over highways of the state, except such as operate entirely over municipal highways maintained by the municipalities, leaving the latter subject to franchise and regulatory laws of the cities. And with this purpose and policy in mind, section 27a may be more consistently construed as exempting operations over such streets even though they run through different municipalities connected as they are in this instance. Viewing the quoted provision of section 1 of the statute in connection with section 27a, and in the light of the purpose of the act as revealed by the entire context, it is apparent that in defining the term "between fixed termini over a regular route" the Legislature, in making the exception "provided said termini or route is not wholly within the limits of a single incorporated municipality," did not mean to qualify and restrain the generality of the proviso so it would not apply in the situation presented here, but had in mind disconnected municipalities with intervening rural terri-

tory traversed by county or state highways. The underlying reason and purpose of the proviso clearly indicates that it should apply here the same as if the dividing lines of the municipalities were erased and the three cities merged into one political division.

Applying the act as we construe it to the circumstances revealed by the record, we are constrained to hold that the exemption granted by section 27a applies to the bus line operated by the association; therefore the commissioner was without jurisdiction to hear and determine the application.

Judgment reversed, with directions to the lower court to remand the proceedings to the commissioner of motor transportation with directions to dismiss the application.