## Mann v. Humphrey's Administratrix.

(Decided Feb. 5, 1935.)

W. G. DEARING for appellant.

JOSEPH SCHMITT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Lewis W. Humphrey, an employee of the appellant, Dorothy L. Mann, was killed while riding in an automobile truck owned by his employer. At the time of the accident the truck was being operated by Albert Alexander, who also was employed by appellant. Lillie Maye Humphrey qualified as administratrix of Lewis W. Humphrey's estate and brought this action against Dorothy L. Mann and Albert Alexander for damages for the death of her intestate, alleged to have been caused by the defective condition of the truck and its negligent operation.

After alleging the facts and charging negligence, the petition contained the following averment:

"That although defendant's, Dorothy L. Mann's truck bore a Kentucky license, Jefferson County, #57-281, nevertheless defendant, Dorothy L. Mann, at the time of the accident hereinabove referred to and at this time is a nonresident of this state, now residing at 524 Belmont Street, Chicago, Illinois, and asks that service of process be served upon Miss Sarah Mahan, the Secretary of State of this

Commonwealth of Kentucky, as her agent for the purpose of process."

A summons was issued directed to the sheriff of Franklin county, and a copy of the summons and an attested copy of the petition was delivered to the Secretary of State, who later filed with the clerk of the Jefferson circuit court a report of her action showing that she had performed the duties prescribed to her by chapter 80 of the Acts of 1930, now section 12-1 to section 12-6, inclusive, of the Supplement to the 1930 Statutes, which provides for the service of process in civil suits on nonresident operators or nonresident owners of motor vehicles operated within the commonwealth of Kentucky.

Dorothy L. Mann filed the following special demurrer:

"Now comes the defendant, Dorothy L. Mann, and without entering her appearance to this case files this, her special demurrer to the petition herein because the court has no jurisdiction of the subject matter by process served upon her according to law. That the defendant is a nonresident of the State of Kentucky and the petition shows that she is not operating the truck for her own individual benefit and therefore this court has no jurisdiction to have her served with process in the manner in which the same is served."

She later filed a motion to quash the return on the summons served on the Secretary of State. The special demurrer and the motion to quash service of summons were overruled. After a general demurrer had been overruled, appellant filed an answer which was a traverse and a plea of contributory negligence. On motion of the plaintiff the action was dismissed as to Albert Alexander, and on the trial of the case the jury returned a verdict against Dorothy L. Mann for the sum of $10,000.

A number of grounds were relied upon in the motion and grounds for a new trial, which was overruled; but no bill of exceptions has been filed, and the only ground relied upon on this appeal for a reversal of the judgment is the alleged error of the trial court in overruling the special demurrer and the motion to quash the return on the summons.

It is conceded that the constitutionality of chapter 80 of the Acts of 1930 has been settled by the cases of Hirsch v. Warren, 253 Ky. 62, 68 S. W. (2d) 767; Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230; and Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091, and that the service of summons was in strict compliance with the provisions of the act, but the appellant contends that the petition not only fails to state facts showing that she belongs to the class of persons affected by the act, but affirmatively shows lack of jurisdiction on its face, and that consequently the special demurrer should have been sustained. It is argued that the petition fails to state that appellant, both at the time of the accident and when the petition was filed, was a nonresident of Kentucky and at the time the petition was filed was absent therefrom. In the paragraph of the petition heretofore quoted it is alleged that "Dorothy L. Mann at the time of the accident hereinabove referred to and at this time is a nonresident of this state, now residing at 524 Belmont Street, Chicago, Illinois." This sufficiently alleged the nonresidence of appellant.

Warrick v. McCormick, 150 Ky. 800, 150 S. W. 1027; Redwine v. Underwood, 101 Ky. 190, 40 S. W. 462, and other similar cases, are cited in support of the contention that appellant should have alleged in the petition that he believed that the defendant was then absent from the state; but in the cited cases the court was construing sections 57 and 58 of the Civil Code of Practice where a warning order was required by section 39 of the Code. Section 39 provides that an action is commenced by filing in the office of the clerk of the proper court a petition stating the plaintiff's cause of action and by causing a summons to be issued, or a warning order to be made, thereon. Section 57 provides for constructive service by warning order upon a defendant who is a nonresident of this state and believed to be absent therefrom, and section 58 prohibits the clerk from making the warning order except upon an affidavit stating the ground of the application for such order and also stating in what country the defendant may be found and the name of the place wherein a postoffice is kept nearest to the place where the defendant may be found, unless the affidavit state the affiant's ignorance of such of those facts as he does not know. Section 419 of the Civil Code of Practice provides that no personal judgment shall be rendered against a defendant construc-

tively summoned and who has not appeared in the case. Warrick v. McCormick, supra, and other cases cited by appellant which hold that the affidavit for a warning order, where the defendant is a nonresident, must state that the affiant believes the defendant to be then absent from the state of Kentucky, were applying the rule of construction that in all proceedings upon constructive service the provisions of the Code of Practice must be literally followed and nothing short of a substantial compliance with every prerequisite will give the court jurisdiction. Sections 57 and 58 of the Civil Code of Practice have no application in the present case. Chapter 80 of the Acts of 1930 creates a different method of procedure for obtaining service on a nonresident defendant who comes within the provisions of that act. No warning order is required to be made, but a summons is issued directed to the sheriff of Franklin county, who is required to deliver it to the Secretary of State, who, in turn, is required to send it and an attested copy of the petition to the defendant by registered mail. A plaintiff is not required to file the affidavit referred to in section 58 of the Civil Code of Practice.

The act in question treats the use of the highways of the state by a nonresident owner or operator of a motor vehicle as the equivalent of the appointment by him of the Secretary of State as his agent on whom process may be served in suits growing out of accidents in such operation, and where process is served in compliance with the provisions of the act a personal judgment can be rendered against the nonresident defendant.

Strict compliance with a statute providing for substituted service must be observed. Erickson v. Macy, 231 N. Y. 86, 131 N. E. 744, 16 A. L. R. 1322. But provisions should not be read into such a statute which are not expressly stated or necessarily implied. The petition stated facts sufficient to confer jurisdiction upon the circuit court provided that appellant's second contention is unsound, which is that although she was at the time of the accident and is now a resident of Illinois, yet she was not using the motortruck at the time of the accident as a nonresident within the meaning of the statute. It is argued that since she had procured a Kentucky license to operate the truck, she was to all intents and purposes a resident of Kentucky and should be treated as such.

Section 1 of chapter 80 of the Acts of 1930 (Ky. Stat. Supp. 1933, sec. 12-1) reads:

"That any non-resident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to non-resident operators and owners of operating a motor vehicle or having same operated, within the Commonwealth of Kentucky, shall by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Kentucky, make and constitute the Secretary of State of the Commonwealth of Kentucky his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Kentucky against such operator or owner of such motor vehicle, arising out of, or by reason of any accident or collision or damage occurring within the Commonwealth in which such motor vehicle is involved."

It is insisted that this action applies only to non-residents temporarily within this state who operate motor vehicles under section 2739g-5, commonly known as the "Reciprocity Statute," which provides that a nonresident owner who has complied with the laws of the state of his residence relating to registration of motor vehicles, and who displays the requisite plates and holds the requisite receipt or certificate of registration as required by his resident state, if such state does not require registration of nonresident owners temporarily therein, shall be exempt from registration in this state for the same period of time as is granted to nonresident owners of his state.

In construing a statute the intention and meaning of the Legislature must be ascertained and given effect from an examination of the whole act and the reason and spirit of the law must be considered. If it can fairly be done, a statute must be so construed as to accomplish the purpose for which it was intended. Grieb v. National Bank of Kentucky's Receiver, 252 Ky. 753, 68 S. W. (2d) 21; Monmouth Street Merchants Bus Association v. Ryan, 247 Ky. 162, 56 S. W. (2d) 963; Commonwealth v. Kirk, 212 Ky. 646, 279 S. W. 1091, 44 A. L. R. 816.

The purpose of the Legislature in enacting the legislation was chiefly to relieve the injured person of the extreme hardship of being required to follow the nonresident operator or owner of a motor vehicle into other jurisdictions. If appellant's contention is sound,

it would be possible for every nonresident motorist coming within the state to evade the provisions of the act by procuring a Kentucky license.

There are privileges other than those contained in section 2739g-5 of the Statutes which are extended by the laws of this state to nonresident operators of motor vehicles. Whether or not a nonresident motorist coming within the state procures a Kentucky license, he uses the special facilities provided by the state and is afforded the protection of its laws, and the state may, as a condition precedent to the use of its highways, require him to consent to the appointment of the Secretary of State as his agent upon whom service may be made in actions arising out of the operation of his automobile within the state. Kane v. State of New Jersey, 242 U. S. 160, 37 S. Ct. 32; 61 L. Ed. 222. In view of the purpose for which the statute in question was enacted, it was evidently the intention of the Legislature that it should apply to all nonresident owners or operators of motor vehicles.

It follows that the circuit court did not err in overruling the special demurrer and the motion to quash the service on the summons.

The judgment is affirmed.