## COMMONWEALTH OF KENTUCKY, for Use and Benefit of KERN v. MARYLAND CASUALTY CO. OF BALTIMORE, MD.

### No. 8291.

Circuit Court of Appeals, Sixth Circuit.

June 5, 1940.

William E. Wehrman, of Covington, Ky., for appellant.

Robert A. Black and Harry B. Mackoy, Sr., both of Cincinnati, Ohio, for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a summary judgment entered pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. The issues arise under substantially the following circumstances:

Jesse W. Franklin, a resident of Ohio and the owner of an automobile, was the assured under a liability policy of appellee, The Maryland Casualty Company of Baltimore, Maryland, which policy, among other things, provided:

"Against loss from liability imposed by law upon the Assured for damages * *

"The insurance provided by this Policy is hereby made available in the same manner and under the same conditions as it is available to the named Assured, to any person operating and/or to any other person while riding in and/or to any other person, firm or corporation legally responsible for the operation of any of the Automobiles described in the statements, provided the use and operation thereof are with the permission of the named Assured, or, if the named Assured be an individual, with the permission of an adult member of the named Assured's household other than a chauffeur or a domestic servant, * * * provided further, insurance under this Policy shall be applied by the Company first to the protection of the named Assured, and the remainder, if any, to the protection of others entitled to insurance under the provisions and conditions of this Insuring Agreement as the named Assured shall in writing direct."

Prior to March 17, 1935, Franklin authorized Paula Endres, a resident of the State of Ohio, to take possession, use and operate the automobile covered by the foregoing policy and prior to that date, with her knowledge and consent, William Endres, twenty years of age, her nephew and living in her household, took possession of the automobile and drove it over the highways of the Commonwealth of Kentucky accompanied by Louis Kern and as a result of an accident in the operation of the car, the latter was killed.

On March 14, 1936, Gertrude Kern, Administratrix of Louis Kern, instituted an action in the Kenton Circuit Court, Covington, Kentucky, against the assured, Jesse W. Franklin and Paula Endres, in which she alleged that they were the owners of the automobile in question and that it was being negligently driven by William Endres, at the time her intestate was killed.

Constructive service of process was made upon the defendants, pursuant to chapter 80, sections 1 and 2 of the Acts of 1930 of the General Assembly of the Commonwealth of Kentucky. Sections 12-1,12-2 Carroll's Kentucky Statutes, Baldwin's 1936 Revision.

The defendant, Franklin, in that action removed the cause to the United States District Court for the Eastern District of Kentucky on account of diversity of citizenship and thereafter on plaintiff's motion, it was dismissed without prejudice as to him and remanded to the state court. The defendant, Paula Endres, defaulted in consequence of her non-appearance and pursuant to Section 379 of Carroll's Kentucky Civil Code of Practice, Baldwin's Revision, the court empaneled a jury for the assessment of damages, which returned a verdict for $25,000 on which verdict the court entered a judgment. Plaintiff in that action caused an execution to be issued to Kenton County against Paula Endres, which was returned "no property found."

Appellant here instituted this action, pursuant to the provisions of the Financial Responsibility Act of the State of Kentucky (Acts of General Assembly of Commonwealth of Kentucky, 1936, Chap. 70, Section 7), against appellee as insurance carrier of J. W. Franklin, seeking to collect $10,000 (or the face of the policy) under the judgment she had obtained against Paula Endres and in her petition she alleged that J. W. Franklin was the sole owner of the car. In its answer, appellee denied that J. W. Franklin had granted the control or custody of the automobile

to Paula Endres, or that at the time of the death of plaintiff's intestate, it was being operated with his consent or permission. It alleged that the constructive service of process on Paula Endres did not confer jurisdiction on the Kenton Circuit Court to render a personal judgment against her. It further alleged that the appellant was estopped to claim that Paula Endres was the agent of J. W. Franklin in the use of the automobile because she had alleged in the petition in the state court that Paula Endres was a co-owner of the automobile. It further alleged that if the constructive service upon non-resident motorists provided in Chap. 80, sections 1 and 2 of the 1930 Acts of the General Assembly of the Commonwealth of Kentucky, were made applicable to persons other than those actually using its highways, it was unconstitutional and void.

The parties stipulated that appellant's witnesses, if called, would testify that, at the time the accident occurred, the car in question was being driven by William Endres with the consent of the assured, J. W. Franklin. The cause was submitted for a summary judgment on the pleadings, exhibits and stipulation and the court dismissed appellant's petition, from which this appeal is prosecuted.

Appellant predicates her action exclusively on the judgment of the state court where the petition alleged the defendant, Paula Endres, was co-owner of the car, but it now apears she was neither co-owner nor operator and appellee insists that appellant here must fail as, in order to enforce the statutory liability on which she relies, personal service within the state must have been had upon the defendant in that action.

■■■ The constructive or substituted service of process statute in question provides in substance that any non-resident of the Commonwealth who shall accept the privilege extended to non-resident operators or owners, of operating or having operated a motor vehicle within the Commonwealth of Kentucky, by such acceptance and operation make and constitute the Secretary of State of the Commonwealth his or their agent for the service of process in any civil suit or proceeding instituted in the state courts against such operator or owner, arising out of or by reason of any accident or collision or damage within the Commonwealth in which said vehicle is involved. Carroll's Kentucky Statutes, Baldwin's 1936 Revision, Section 12-1.

In construing this statute, the court may take judicial notice that at the time of its enactment and prior thereto, appalling loss of life and injuries to persons and property were frequently occurring on the State's highways and in many instances motor vehicles were involved which were owned and operated by non-residents of the State, and that the purpose of the Legislature in its enactment was to encourage greater care in their operation and to furnish an effective civil remedy against non-residents comparable to that against residents of the State. Such a constructive service on a non-resident is in derogation of the common law and the statute providing for it should be strictly construed and not be extended by implication to include persons not clearly coming within its terms. Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S.W.2d 17, 96 A.L.R. 584.

■■■ The tribunals of one state have no jurisdiction over persons of other states unless found within their territorial limits and the attempt to extend their process into other states would be treated in every other forum as an act of usurpation without binding efficacy. Process from courts of one state cannot summon parties living in another state to leave its territory and respond to proceedings against them and where the only object of an action is the determination of personal rights and obligations of a defendant, constructive service on a non-resident is ineffectual. A person residing outside the state is not required to come within its borders and submit his controversy to its courts because of notice of the suit at the place of his residence, and an ordinary personal judgment for money, invalid for want of service amounting to due process of law, is as ineffective in, as outside, the state. Galpin v. Page, 85 U.S. 350, 367, 18 Wall. 350, 367, 21 L.Ed. 959; Pennoyer v. Neff, 95 U.S. 714, 727, 24 L.Ed. 565; Baker v. Baker, Eccles & Co., 242 U.S. 394, 403, 37 S.Ct. 152, 61 L. Ed. 386; McDonald v. Mabee, 243 U.S. 90, 97, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A. 1917F, 458; Flexner v. Farson, 248 U.S. 289, 293, 39 S.Ct. 97, 63 L.Ed. 250.

Paula Endres, being neither the operator nor owner of the motor vehicle, upon the negligent operation of which plaintiff predicated her action in the state court, was not within the terms of the present statute.

Appellant concedes this point if nothing else appear, but insists the statute is ap-

plicable because the record clearly shows that William Endres was the agent of Paula Endres under the so-called Family Purpose Doctrine in the operation of the automobile at the time of the accident.

It may be conceded, without deciding, that if the operator of the car were the agent of the defendant in the state court action, substituted or constructive service, gave the court jurisdiction. Producers' & Refiners' Corporation v. Illinois Central Railroad Company, 168 Tenn. 1, 73 S.W. 2d 174; Brassett v. United States Fidelity & Guaranty Company, La.App., 153 So. 471; Mann v. Humphrey's Adm'x, supra.

■ The rule prevails in Kentucky that one of the indispensable requisites of the Family Purpose Doctrine is that the person on whom it is sought to fasten liability must own, maintain or provide the automobile for the general use, pleasure, and convenience of his family (Euster v. Vogel, 227 Ky. 735, 13 S.W.2d 1028) and it is encumbent on a plaintiff to allege in his petition that the automobile was owned or controlled by the defendant and maintained by him for the use and benefit of the members of his family and that the person who operated it at the time of the injury was a person whom the owner of the automobile was under a legal or moral obligation to support, and at the time of the accident was using the automobile pursuant to the family purpose. Van Galder v. Foster, 243 Ky. 543, 49 S.W.2d 352; Creaghead v. Hafele's Adm'r 236 Ky. 250, 32 S.W.2d 997; Kennedy v. Wolf, 221 Ky. 111, 298 S.W. 188; Slusher v. Hubble, 254 Ky. 595, 72 S.W.2d 39.

■ The appellant in the state court action alleged that William Endres was a minor, twenty years of age, the nephew of Paula Endres, and was in her care, control and custody and resided with her and that she and Jesse M. Franklin were the owners of the automobile involved in the accident and that at the time and place thereof, William Endres was using said car with her consent, acquiescence and permission and the knowledge of Franklin. There is no allegation that the defendant was under a legal or moral obligation to support the driver of the car or that it was maintained or used for the members of her family. The petition failed to state a cause of action under the Family Purpose Doctrine as defined under the laws of the Commonwealth of Kentucky. Ludwig v. Johnson, 243 Ky. 533, 49 S.W.2d 347; United States Fidelity & Guaranty Co. v. Hall, 237 Ky. 393, 35 S.W.2d 550.

■ We are of the opinion that the attempted service upon the Secretary of State, as agent of Paula Endres, was void and of no effect and was not due process of law within the meaning of the Fourteenth Amendment and that the judgment obtained by appellant, pursuant to such process, is insufficient to support this action.

■ Appellant's contention that the judgment of the state court is immune from collateral attack is without merit. Such immunity cannot exist unless the court awarding the judgment has jurisdiction of the person and the subject matter and the lack of either may be plead against the judgment when sought to be enforced or when benefit is claimed under it.

■ Judicial proceedings in personam against one not served with legal process and not being within the jurisdiction of the court, neither appearing in person nor by attorney, are null and void. Webster v. Reid, 52 U.S. 437, 459, 11 How. 437, 459, 13 L.Ed. 761; Combs v. Combs, 249 Ky. 155, 60 S.W.2d 368, 89 A.L.R. 1095. When a judgment by default is impugned, whatever may affect its competency or regularity is open to inquiry in a collateral proceeding.

Judgment affirmed.