**CHILTON v. GIVIDEN et al.**

Court of Appeals of Kentucky.
Feb. 8, 1952.

134

William G. Reed, Carrollton, for appellant.

H. K. Northcutt, Carrollton, for appellees.

COMBS, Justice.

Robert Chilton filed this suit against appellees, policemen of the City of Carrollton, for damages for illegal arrest and assault. The basis of the action is KRS 95.750, which provides in part:

"(1) In cities of the fourth class the chief of police, his deputies, and every member of the police force shall, before entering upon the duties of his office, execute bond. The bonds of the chief of police and his deputies shall be in the sum of $2,500, and the bond of each member of the police force shall be in the sum of $1,000.

*     *     *     *     *     *

"(3). * * * For any unlawful arrest, or unnecessary or cruel treating or assault in making an arrest, the principal and sureties shall be liable on their bond to the person injured."

The petition charges an unlawful arrest and cruel and unnecessary assault, not only in making the arrest, but after the arrest was accomplished. The court, on motion of appellees, required Chilton to elect whether he would prosecute his action for illegal arrest, or assault. He elected to rely upon the alleged assault, and the court ordered stricken that paragraph of the petititon charging illegal arrest.

The case was heard by a jury which returned a verdict for Chilton in the amount of $500. The court entered judgment for appellees notwithstanding the verdict, on the theory that that part of the petition upon which Chilton elected to rely does not state a cause of action. He appeals.

■ If the court was correct in requiring plaintiff to elect between illegal arrest and assault, the judgment must be affirmed because, with the elimination of that part of the petition charging illegal arrest, it does not state a cause of action. Although the assault is pleaded in specific terms, the petition fails to negative the proposition the assault might have been committed in order to prevent escape of the prisoner, or in defense of the arresting officer. We have held that such an omission renders the petition defective. In Commonwealth v. Teel, 111 S.W. 340, 343, 33 Ky.Law Rep. 741, it was said: " * * * On the other hand, if the arrest of appellant were lawful, and he sought to recover damages for the unlawful and unnecessary beating and bruising while under arrest, then it would have been necessary for appellant to have alleged that he was not trying to escape from the officer, and that he did not first assault him. If the arrest were lawful, and appellant endeavored to make his escape and in doing so made an attack upon appellant and put him in danger of bodily harm, the officer was not bound to retreat, but in such case had the right to use any means for his self-defense and for the keeping of the prisoner that were necessary and reasonable."

■ It is necessary, therefore, to consider whether the court was correct in requiring plaintiff to elect. Appellees contend the statute authorizes separate causes of action which cannot be joined. They rely on the wording of the statute "For any unlawful arrest, or * * * assault in making an arrest," and argue that the use of the disjunctive word "or" shows that

the Legislature intended to permit suit for either unlawful arrest, or assault, but not for a combination of the two offenses. We do not agree. We think it is clear the Legislature intended to permit a suit for either unlawful arrest, or unnecessary assault in making an arrest, or a combination of the two offenses if they arise out of the same transaction. Otherwise, a party aggrieved by both an illegal arrest, and assault in connection with the arrest, would have only half a remedy. We have found no case construing the statute, but it is a general rule of construction that where it can fairly be done a statute will be construed so as to accomplish the purpose for which it was enacted; Monmouth Street Merchants' Bus Ass'n v. Ryan, 247 Ky. 162, 56 S.W.2d 963; Rouse v. Johnson, 234 Ky. 473, 28 S.W.2d 745, 70 A.L.R. 1077; Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S.W.2d 17, 96 A.L.R. 584; and an interpretation which will lead to an absurd result will be avoided; Kirkman v. Williams' Ex'r, 246 Ky. 481, 55 S.W.2d 365; Reeves v. Fidelity & Columbia Trust Co., 293 Ky. 544, 169 S.W.2d 621. It is also the rule that when necessary to carry out the obvious intention of the Legislature, disjunctive words can be construed as conjunctive, and vice versa. Commonwealth v. Bartholomew, 265 Ky. 703, 97 S.W.2d 591.

We construe the statute to mean that damages may be claimed both for an illegal arrest and for assault in connection with the arrest, and the two causes may be joined in the same action. It follows that the court erred in requiring plaintiff to elect which cause of action he would prosecute.

Although appellant insists the judgment should be reversed, he takes the position a new trial is unnecessary and contends this court should direct entry of a judgment on the jury's verdict rendered in his favor. He overlooks the fact the only cause of action stated in the petition was one for damages resulting from an alleged illegal arrest, and this issue was not even submitted to the jury. Since the petition is insufficient to sustain the verdict on the one issue submitted to the jury;

i. e., assault after the arrest was accomplished, the judgment will have to be reversed with directions for a new trial.

The judgment is reversed for proceedings in conformity with this opinion.