Joyce Elaine **PSYCHAS**, Administratrix of the Estate of Theodore Psychas, Deceased, Plaintiff,

v.

**TRANS–CANADA HIGHWAY EXPRESS,** Limited, a foreign corporation; and Gilman N. Coughlin, Defendants.

Civ. No. 15355.

United States District Court
E. D. Michigan, S. D.
Nov. 7, 1956.

---

6. Wallach v. Securites & Exchange Commission, 93 U.S.App.D.C. 41, 206 F.2d 486.

Kelly, Kelly & Kelly, Jackson, Mich., for plaintiff.

Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for defendants.

FREEMAN, District Judge.

On November 6, 1955, a truck-tractor and trailer, owned by defendant Trans-Canada Highway Express, Ltd., and operated by defendant Gilman N. Coughlin, was involved in an accident with an automobile operated by Theodore Psychas, plaintiff's decedent, which accident occurred on a public highway in Jackson County, Michigan.

Plaintiff is a resident of the State of Michigan and both defendants are residents of the Dominion of Canada. Service of process was obtained by serving a copy of the summons and complaint upon the Secretary of State, State of Michigan, and mailing copies thereof to the defendants, by registered mail, pursuant to the provisions of the so-called Michigan Non-Resident Motorist Act, Act No. 80, P.A.1929, as amended; C.L.1948, § 257.403; M.S.A. § 9.2103, which Act, as amended by Act No. 16, P.A.1954, insofar as pertinent to the issue in this case, reads as follows:

> "From and after the effective date of this act, service of summons in any action against a person, who at the time of such service is a nonresident of this state, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this state or in which a motor vehicle owned by him may have been involved while

being operated with his consent, express or implied, on such public highway, may be made upon the secretary of state as the true and lawful attorney of such person with the same legal force as if served on him personally within this state. * * *

"The death of such nonresident shall not operate to revoke the appointment by such nonresident of the secretary of state as his true and lawful attorney upon whom may be served the summons in an action against him growing out of any such accident or collision".

Prior to the 1954 amendment, the pertinent portion of the above statute read as follows:

"From and after the effective date of this act, the operation by a nonresident of a motor vehicle upon a public highway of this state, or the operation on a public highway in this state of a motor vehicle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney, upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway, or in which such motor vehicle may be involved while being so operated on such a highway." Act No. 300, Pub.Acts 1949.

Defendants appear specially and move that the service of process be quashed, claiming that such service is ineffective for the reason that the above statute, as so amended and in effect since August 13, 1954, does not expressly appoint the Secretary of State as the true and lawful attorney of such statutory nonresident owners or operators of motor vehicles for service of process under the circumstances covered by said statute.

Defendants point out that the Act, prior to the 1954 amendment, made the operation of a motor vehicle on a public highway in Michigan equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney and that the present law contains no such language. Defendants therefore contend that the lack of express language of appointment of the Secretary of State as an agent to receive service of process in the amendatory Act renders service of process in this case ineffective. This presents a question of statutory construction.

Defendants argue that the agency necessary for service of process in the instant case cannot be implied because the Non-Resident Motorist Act is in derogation of the common law and therefore must be strictly construed, citing Brown v. Cleveland Tractor Co., 265 Mich. 475, 251 N.W. 557, and Flynn v. Kramer, 271 Mich. 500, 261 N.W. 77.

Plaintiff contends that the statute in question, considered in the light of other rules of statutory construction as hereafter set forth, clearly indicates a legislative intent to retain the necessary agency for substituted service.

■ The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. Melia v. Employment Security Comm., 346 Mich. 544, 78 N.W.2d 273; Van Antwerp v. State, 334 Mich. 593, 55 N.W.2d 108.

■ Another cardinal rule of statutory interpretation is that the statute should be construed so as to give effect to its purpose and obviate absurd consequences. Ballinger v. Smith, 328 Mich. 23, 28, 43 N.W.2d 49.

The function of the court is to apply fundamental rules of statutory construction and thereby seek to determine the legislative intent.

■ The purpose of this type of legislation is to relieve the injured person of the extreme hardship of being required to follow a non-resident motorist or own-

er into other jurisdictions. Mann v. Humphrey, 257 Ky. 647, 79 S.W.2d 17, 96 A.L.R. 584. This object is attained by a statute which clearly provides that, upon the happening of certain specified circumstances, a state officer becomes the agent of the non-resident motorist or owner for service of process. A non-resident motorist is thereby informed and made aware that substituted service of process can be had in such an action against him in that state. The purpose of the Act in question is clear and unambiguous.

The fact that the legislature omitted from the 1954 amending Act the express language of appointment contained in the old law is of no significance inasmuch as the Non-Resident Motorist Act is based on the police power of the state and not on principles of common law agency. In the case of Plopa v. Dupre, 327 Mich. 660, at page 664, 42 N.W.2d 777, at page 779, involving a question of agency under the Michigan Non-Resident Motorist Act prior to the 1954 amendment, Justice Dethmers stated:

"In passing the statute in question for the purpose of regulating the use of its highways, the state was acting in the reasonable exercise of its police power. Such power is not limited to the rules of agency and contract."

This court is of the opinion that the Act, as amended, was intended by the legislature to achieve the same result as the old statute and does achieve the same result, viz., upon the happening of a combination of circumstances enumerated in the Act, the injured person may obtain service of process upon a non-resident motorist or owner by constructive or substituted service on the Secretary of State. To hold otherwise is to ignore crucial language in the amending Act to the effect that service "may be made upon the secretary of state as the true and lawful attorney of such person" and "The death of such nonresident shall not operate to revoke the appointment by such nonresident of the secretary of state as his true and lawful attorney" and would lead to an absurd result.

The Act was amended in 1954 so as to make the applicability of the statute dependent on the status of the non-resident at the time of service of process rather than at the time of the accident as pointed out in plaintiff's brief, which obviously required a substantial change in language to accomplish such legislative purpose. In this respect, the Michigan Act may now differ from similar legislation in other states and therefore renders unnecessary and inappropriate the old provision making the operation of a motor vehicle on a public highway in this state equivalent to an appointment by a non-resident motorist of the Secretary of State as his true and lawful attorney, but the real purpose of such legislation as hereinbefore set forth remains unchanged.

Although the amending Act does not use the word "appointment" or similar expression, nevertheless, the language designating the Secretary of State as an agent for the purpose of effecting service of process is equivalent to such appointment and, otherwise, would be meaningless.

■ Therefore, the court finds that the constructive or substituted service obtained by plaintiff upon the defendants is valid and an appropriate order denying defendants' motion to quash service of process may be presented.