James **CANAMORE**, Appellant,

v.

**TUBE TURNS DIVISION OF CHEME-TRON CORPORATION,** Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1984.

Isaac L. Conley, Jr., P.S.C., Louisville, for appellant.

Jon L. Fleischaker, Kimberly K. Greene, Wyatt, Tarrant & Combs, Louisville, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

CLAYTON, Judge.

James Canamore appeals from a judgment of the Jefferson Circuit Court dismissing his civil rights action for lack of subject matter jurisdiction. By that action Canamore alleges that his former employer, Tube Turns Division of Chemetron Corporation (Tube Turns), unlawfully discriminated against him in violation of KRS 344.-040, the employer's discrimination provision of KRS Chapter 344 (the Kentucky Civil Rights Act).

Tube Turns terminated the black industrial engineer's employment in May of 1979, ostensibly due to his excessive absenteeism, refusal to accept work assignments, and unacceptable work performance. On July 26, 1979, Canamore filed charges of discrimination with the federal Equal Employment Opportunity Commission (EEOC) pursuant to 42 U.S.C. § 2000e et seq. From Canamore's viewpoint, the true reason for his discharge was his race. As examples of discrimination practiced against him he charged that: (1) time sheets were required for him and not the white engineers; (2) one-half the workload of the plant was his responsibility while three white engineers divided the remaining workload; (3) he was given but one salary increase in his year and one-half of employment while white engineers with less seniority received two raises.

Soon after receiving Canamore's charges, the EEOC issued a notice of charge of discrimination in deferral jurisdictions. By this form letter, Canamore was notified that his charges had been deferred to the Kentucky Human Rights Commission (KHRC or commission). Deferral is stated to be for 60 days or until the KHRC notifies the EEOC that it has terminated its proceedings. Upon the expiration of either event, the EEOC announced that it would resume jurisdiction over the charge.

The next evidence in the record of any action taken on Canamore's charges is found in a letter from the district director of the EEOC to Canamore dated some two years later in June 29, 1981. Entitled "De-termination," the body of the correspondence states that EEOC processing of the charges is concluded as there is no reasonable cause to believe Canamore's allegations are true. Accompanying the determination letter is a "notice of right to sue" form reiterating that Canamore's charges had been dismissed and warning him that suit in federal district court must be brought within 90 days of receipt of this notice.

Other than these documents, the record is devoid of evidence as to what, if any, action was taken by the KHRC prior to the EEOC dismissal. The record contains no KHRC order dismissing the complaint. Such an order is required by KRS 344.200 to be issued within thirty days of the filing of the complaint with the commission "[i]f it is determined that there is no probable cause to believe that the respondent has engaged in an unlawful practice." KRS 344.200(2). Nor is there any indication that the staff of the KHRC determined "that there is probable cause to believe that the respondent has engaged in an unlawful practice." KRS 344.200(4). Had that been the case, efforts at conciliation and conference are required under the same statute. Id. Neither is there any evidence that the respondents were ever served by KHRC with written notice and a copy of the complaint as is required by KRS 344.210, absent an order of dismissal. Nor is there any notice from KHRC to EEOC indicating that KHRC has terminated its proceedings. In these respects, the record is nothing more than a large void.

The next action taken by any party or agency occurred in March 21, 1983. On that date Canamore filed a civil complaint in Jefferson Circuit Court. The complaint raises allegations identical to those found in his earlier charges of discrimination with the exception, under count three, of allegations of continued retaliation by Tube Turns preventing Canamore from securing further employment in his career field. In response, Tube Turns filed a motion to dismiss arguing that Canamore's complaint

was untimely filed under KRS 344.240(6). The circuit court agreed and dismissed.

KRS 344.240(6) provides that,

A proceeding under this section must be initiated within thirty (30) days after a copy of the order of the commission is received, unless the commission is the petitioner or the petition is filed under subsection (3). If no proceeding is so initiated, the commission may obtain a decree of the court for enforcement of its order upon showing that a copy of the petition for enforcement was served on the respondent.

A "proceeding" as set forth in the above language is a judicial review of an order of the commission obtainable by any complainant, respondent, or intervenor aggrieved thereunder. KRS 344.240(1). Thus, Tube Turns characterizes the Kentucky Civil Rights Act as providing two mutually exclusive avenues for seeking redress for alleged employment discrimination, administrative review pursuant to KRS 344.-200–.270 or original judicial action pursuant to KRS 344.450. Once Canamore elected the administrative route, he allegedly became bound by the thirty days limitation of KRS 344.240(6). To permit him to maintain a separate civil action now would supposedly allow him two bites of the proverbial apple, a second unwarranted opportunity for judicial review of the merits of the administrative dismissal in violation of KRS 344.240(6) and KRS 344.270. KRS 344.270 states that "[a] final determination of a claim alleging an unlawful practice under this chapter shall exclude any other action or proceeding brought by the same person based on the same grievance."

Canamore naturally interprets the matter quite differently. From his perspective, KRS 344.450 provides for an entirely distinct civil action divorced from any administrative procedure under the Act. Indeed, the statute does provide that,

Any person deeming himself injured by any act in violation of the provisions of this chapter shall have a civil cause of action in circuit court to enjoin further violations, and to recover the actual damages sustained by him, together with the costs of the lawsuit, including a reasonable fee for his attorney of record, *all of which shall be in addition to any other remedies contained in this chapter.*

KRS 344.450 (Emphasis added). Coupling the language of KRS 344.450 with the five year statute of limitations found in KRS 413.120 at subsections (2) and (7), he argues that no order of the commission has ever been issued to activate the thirty day appeal provision of KRS 344.240(6) or the prohibition of KRS 344.270. Therefore, dismissal of his action was improper due to the inapplicability of KRS 344.240(6) and the provision for a separate civil action via KRS 344.450 coupled with a five year statute of limitations under KRS 413.120. If affirmed, such dismissal will prevent him from ever having had the opportunity to have his charges considered on the merits. In sum, Canamore maintains that all he wants is "his day in court," in effect the chance to take one bite of the same apple.

Thus, we are faced with a difficult question. In specific terms, we have been asked whether an individual claiming to be aggrieved by an unlawful practice under the Kentucky Civil Rights Act is precluded by the time limitations of KRS 344.240(6) from instituting a civil rights action pursuant to KRS 344.450 where that individual has had his charges of discrimination referred by the EEOC to the KHRC but the KHRC has issued no order.

■■■ An individual who elects to proceed under the administrative provisions of KRS 344.200–.270 is bound by the time limitations of KRS 344.240(6). After he or she receives a copy of the order of the Kentucky Human Rights Commission, issued under KRS 344.200(2) and (3) or KRS 344.230(1) and (2), the time limit for appeal of such order under KRS 344.240 is thirty days. No separate civil action by the same person based on the same grievance may be filed under KRS 344.450 after the KHRC has issued such an order.

■■■ To permit a claimant to have the benefit of a separate civil action based on

identical facts after he or she has instituted administrative action under KRS 344.200 followed by judicial review pursuant to KRS 344.240 would, in fact, be tantamount to giving one claimant two bites of the apple. Such a multiplicity of litigation is impermissible and is not supported by the language of KRS 344.450. The final clause of that section of the Act, "all of which shall be in addition to any other remedies contained in this chapter," does not mean that two separate judicial reviews, one initiated as an independent civil action under KRS 344.450, and one previously had under KRS 344.240, are permissible. It is intended to give those individuals who do not wish to proceed before the KHRC an opportunity in circuit court to have the fullest range of remedies allowable. In effect, KRS 344.450 negates the possible false assumption that KRS 344.200 is the only means under the statute in which a person may seek relief. However, once a person has selected that administrative route, he or she is bound by the explicit time provisions of KRS 344.240.

A "notice of right to sue" letter issued by the EEOC pursuant to 42 U.S.C. § 2000e *et seq.*, standing alone, however, does not constitute an order of the commission so as to activate the thirty day time limit of KRS 344.240(6). KRS Chapter 344 is specific, 'commission' means "the Kentucky commission on human rights." KRS 344.010(2). The dismissal of a charge of discrimination by the EEOC is an action by a federal agency taken pursuant to federal statute and thus outside the bounds of KRS Chapter 344 as it is presently drafted.

In this conclusion, we are supported by *McNeal v. Armour and Company*, Ky.App., 660 S.W.2d 957, 958 (1983), holding that,

[A] person who has made a complaint of employment discrimination with the EEOC cannot invoke the jurisdiction of a Kentucky court under KRS 344.450 while his claim is pending with the federal body. However, if his claim is not resolved by the EEOC and that body relinquishes jurisdiction or responsibility over

his claim by issuing to him what is commonly known as a "right to sue" letter as provided by 42 U.S.C. 2000e–5(f)(1), we hold that the claimant may bring an action in a Kentucky court under KRS 344.450 if he does not elect instead to proceed in a federal court under 42 U.S.C. 2000e *et seq.*

We wholeheartedly agree with the holding of *McNeal, supra,* and add that, given the circumstances of Canamore's situation, a "claimant may bring an action in a Kentucky court under KRS 344.450 if he does not elect instead to proceed in a federal court under 42 U.S.C. 2000e *et seq.*", or has not received an order of the commission as set out in KRS 344.240(6) and discussed above. Absent an order of the KHRC, however, the claimant is not precluded by KRS 344.240(6) from pursuing his rights via KRS 344.450.

To hold otherwise would require an improper interpretation of the term "commission" contrary to its definition under the Act. Further, to hold otherwise might well deny Canamore his only opportunity for a hearing on the merits of his charges. However, of this we cannot be certain. There is evidence that his charges were referred to the KHRC for consideration. There is no evidence that the KHRC ever gave those charges the slightest consideration. Given the dearth of evidence regarding action taken by the KHRC, we reverse the judgment of the Jefferson Circuit Court with instructions that an evidentiary hearing be held at which time the appellee shall have the burden of producing evidence of an order by the KHRC issued under the above-mentioned state statutes. Should the appellee fail to carry this burden, the appellant's action in circuit court should proceed normally as any other civil action. Ordinarily, where the KHRC has failed to issue an order within 180 days of the filing of the complaint, a claimant may elect under KRS 344.240(3) to petition the appropriate circuit court to enter an order directing the KHRC to take such action. However, given the span of time presently involved and the prior initiation of action

under KRS 344.450 requiring application of KRS 344.240, an elective subsection would be futile and time consuming.

The judgment of the Jefferson Circuit Court is reversed.

All concur.