Howard V. FOUNDER, Appellant,

v.

CABINET FOR HUMAN RESOURCES, DEPARTMENT FOR EMPLOY-MENT SERVICES, DIVISION OF UNEMPLOYMENT INSURANCE and Department of Personnel, Appellees.

Department for Employment Services, Division of Unemployment Insurance, Cross–Appellant,

v.

Howard V. Founder and Department of Personnel (now Personnel Cabinet), Cross–Appellees.

Nos. 1998–CA–001747–MR, 1998–CA–001850–MR.

Court of Appeals of Kentucky.

Aug. 20, 1999.

As Modified Sept. 3, 1999.

Rehearing Denied Oct. 22, 1999.

Discretionary Review Denied by Supreme Court Aug. 16, 2000.

J. Keith Smith, Louisville, for Appellant/Cross–Appellee, Howard V. Founder.

Timothy A. Sturgill, Sue G. Simon, Frankfort, for Appellee/Cross–Appellant, Cabinet for Human Resources, Department for Employment Services, Division of Unemployment Insurance.

Daniel F. Egbers, Frankfort, for Appellee/Cross–Appellee, Department of Personnel.

Before: EMBERTON, GUIDUGLI, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge:

This is an appeal and a cross-appeal from an order dismissing an action against the Department of Employment Services and the Department of Personnel under the Kentucky Civil Rights Act alleging

employment discrimination and retaliation. Upon reviewing the record and the applicable law, we agree with the lower court that the action was barred under the doctrine of election of remedies by the plaintiff's prior complaint filed with the Commission on Human Rights. As to the cross-appeal, since we have upheld the summary judgment in appellees' favor, their arguments on cross-appeal are moot.

Appellant, Howard Founder, has been a classified employee of the Department of Employment Services, Division of Unemployment Insurance (the "DES"), since 1987. Founder was first classified as an Unemployment Insurance Auditor when he was first hired by the DES. In 1989, Founder was reclassified as an Unemployment Insurance Auditor Senior. Founder was again reclassified in 1991 to an Unemployment Insurance Auditor Principal.

In 1993, Founder filed an internal grievance with the DES claiming that the DES wrongfully failed to reclassify him as an Auditor Chief under the DES guidelines for reclassification and that the DES guidelines were not being uniformly followed, as certain employees with less seniority had been reclassified. When Founder did not receive a favorable response from the DES regarding his grievance, he filed an appeal to the Kentucky Personnel Board (the "Board") pursuant to KRS Chapter 18A. Following an evidentiary hearing on the matter, the hearing officer found that Founder had not been improperly denied reclassification and recommended dismissal of the appeal. However, the hearing officer did recommend that the "Cabinet for Human Resources be ordered to submit requests for reclassification strictly based upon the guidelines of KRS 18A.005(23)." By final order dated November 16, 1993, the Board adopted the hearing officer's recommendation and dismissed Founder's appeal. Subsequently, Founder filed another appeal to the Personnel Board, this time alleging that he had been denied reclassification based on his race. After an evidentiary hearing in which Founder presented no evidence, the Board again dismissed the appeal on May 18, 1994. Subsequently, Founder filed four more appeals to the Board regarding the same matter. Each of these appeals was dismissed without a hearing. None of the Board's decisions was appealed to the Franklin Circuit Court.

During the course of his appeals to the Board, Founder had also filed a charge of racial discrimination with the Equal Employment Opportunity Commission (the "EEOC") on February 13, 1993. The EEOC issued a "Notice of Right to Sue" on December 5, 1996, which provided that Founder had 90 days to file his action under Title VII in federal court. On February 18, 1994, Founder also filed a sworn complaint of racial discrimination with the Kentucky Commission on Human Rights (the "Commission") pursuant to KRS 344.200. By order dated December 8, 1994, this complaint was withdrawn at Founder's request.

Without explanation, Founder was reclassified by the DES to Auditor Chief in September 1994. On October 26, 1994, Founder filed the action herein against the DES and the Department of Personnel in the Franklin Circuit Court alleging racial discrimination and retaliation. On May 17, 1995, the defendants moved for summary judgment on grounds that the action was barred by the doctrines of *res judicata* and collateral estoppel due to the appeals to the Personnel Board which were not appealed to the circuit court. The circuit court denied this motion, adjudging that a state employee can file an administrative appeal to the Personnel Board and file an original action in circuit court claiming discrimination pursuant to KRS 344.450.

On April 6, 1998, the defendants filed a second motion for summary judgment, this time on grounds of sovereign immunity and the doctrine of election of remedies. Without addressing the sovereign immunity issue, the court granted the motion, concluding that Founder's claim filed before the Kentucky Commission on Human

Rights barred the subsequent action filed in circuit court under the doctrine of election of remedies. Founder now appeals from this order. The DES cross-appeals from the 1995 order denying its motion for summary judgment and from the court's failure to address the sovereign immunity issue in the subsequent order.

■ Founder first argues that the court erred in ruling that his action was barred by the doctrine of election of remedies. The circuit court relied solely on the case of *Vaezkoroni v. Domino's Pizza, Inc.*, Ky., 914 S.W.2d 341 (1995) in reaching its decision. In *Vaezkoroni*, the appellant filed a charge of discrimination with the Lexington–Fayette Urban County Human Rights Commission. After the Commission had issued a "no probable cause" determination, the appellant filed an action in the Fayette Circuit Court pursuant to KRS 344.450 alleging the same claims as were made before the Commission. The Court held that the pursuit of his claim through the Commission barred his action in Circuit Court. The Court stated:

> [W]e hold that KRS Chapter 344 authorizes alternative avenues of relief, one administrative and one judicial.... Once any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion. This interpretation is necessary "to give meaning to and carry out the obvious purposes of the act as a whole."

*Id.* at 343, *quoting Monmouth Street Merchants' Business Association v. Ryan*, 247 Ky. 162, 56 S.W.2d 963, 964 (1933).

KRS 344.450 specifically provides a cause of action in circuit court for civil rights violations prohibited by KRS Chapter 344. KRS 344.200 provides for relief from civil rights violations by the filing of a sworn complaint with the Kentucky Commission on Human Rights. KRS 344.270 states:

> The provisions of KRS 13B.140 notwithstanding, commission shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance under KRS 344.450 is pending. **A state court shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance is pending before the commission.** A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance. (Emphasis added.)

■ Founder argues that the case at hand is different from *Vaezkoroni* by the fact that he abandoned his claim before the Commission by withdrawing it before the Commission had made a ruling thereon. Although *Vaezkoroni* does not explicitly address this situation, we believe that to follow its holding to its logical conclusion, Founder's circuit court claim must be barred since he had already filed the administrative complaint. From our reading of the language in KRS 344.270 and *Vaezkoroni*, once a complaint is filed with the Commission, a subsequent action in circuit court based on the same civil rights violation(s) is barred. Further, as we shall discuss below, we believe *Clifton v. Midway College*, Ky., 702 S.W.2d 835 (1985) is consistent with our view.

■ Founder also argues that even if the court properly interpreted *Vaezkoroni* so as to bar a subsequent action in circuit court after a complaint before the Commission has been filed, the court should not have retroactively applied the holding in *Vaezkoroni*. Founder maintains that at the time he filed his action in circuit court and voluntarily withdrew his claim before the Commission, he was relying on case law in effect at the time which allowed him to so proceed. (His action in circuit court was filed on October 26, 1994; *Vaezkoroni* was rendered on November 22, 1995.)

Founder cites to *Canamore v. Tube Turns Div. Of Chemetron Corp.*, Ky.App., 676 S.W.2d 800 (1984) and *Clifton*, 702 S.W.2d at 835.

In determining whether a decision is to be applied retroactively, the Court in *Revenue Cabinet v. CSC Oil Co.*, Ky.App., 851 S.W.2d 497 (1993) applied the three-prong standard in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971):

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the " 'injustice or hardship' " by a holding of nonretroactivity." (Citations omitted.)

*Revenue Cabinet*, 851 S.W.2d at 499, *quoting Huson*, 404 U.S. at 106–107, 92 S.Ct. at 355.

In *Canamore*, 676 S.W.2d at 800, the appellant first filed a complaint with the EEOC which was deferred to the Kentucky Human Rights Commission. Prior to an order being entered on the matter by the Commission, the appellant filed an action in circuit court regarding the same claims pursuant to KRS 344.450. The Court held that so long as the Commission has not entered an order on the matter, a separate civil action pursuant to KRS 344.450 based on the same grievance is permissible. Thus, we agree that *Canamore* was consistent with Founder's position. However, one year later in 1985, the Kentucky Supreme Court decided *Clifton*, 702 S.W.2d at 835, which we believe narrowed the holding in *Canamore*. In *Clifton*, the appellant filed a complaint alleging discrimination with the EEOC, which deferred her claim to the Kentucky Human Rights Commission. However, unlike Founder, the appellant did not file a sworn complaint with the Commission. The Commission thereafter relinquished jurisdiction back to the EEOC. Subsequently, the appellant filed an action in circuit court under KRS 344.450. The Court held that since no sworn complaint was ever filed with the Commission, her separate action in circuit court was not barred:

> The absence of a written sworn complaint is a jurisdictional defect which precludes the assertion that the Kentucky agency had undertaken any authority in this regard.

*Clifton*, 702 S.W.2d at 838. Although there was some additional language in *Clifton* suggesting that whether a separate civil action is barred is dependant upon whether there has been a final determination by the Commission, the Court's ruling was clearly based on the fact that no sworn complaint had been filed with the Commission. Accordingly, *Clifton* foreshadowed the ruling in *Vaezkoroni* and should have at least put Founder on notice that it was possible that the filing of the complaint with the Commission would bar a separate action in circuit court. Thus, it was not error for the court to retroactively apply *Vaezkoroni*.

As we are upholding the summary judgment in favor of the DES and the Board, their arguments on cross-appeal are moot. For the reasons stated above, the judgment of the Franklin Circuit Court dismissing the action herein is affirmed.

ALL CONCUR.