**Stephanie GREGO, Plaintiff,**

v.

**MEIJER, INC., Defendant.**

**No. CIV.A.3:00CV–327–H.**

United States District Court,
W.D. Kentucky,
at Louisville.

March 28, 2001.

■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■

.

■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

Grant Michael Helman, Stuart A. Scherer, Louisville, KY, for plaintiff.

Donna King Perry, Erin MacCraken Roark, Woodward, Hobson & Fulton, Louisville, KY, for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Defendant, Meijer, Inc., moves this Court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the statutory election of remedies provision bars Plaintiff's claims, that the statute of limitations precludes several of her claims, and that her remaining claims fail as a matter of law. The Court will consider each of the relevant arguments in turn.

### I

Ms. Grego began work in Spring 1998 at Meijer's Springhurst store in Louisville, Kentucky. In April 1998, Ms. Grego claims that two coworkers sexually harassed her and on April 24,1998, a coworker held her in a walk-in freezer. Ms. Grego filed a complaint of sex discrimination with the Kentucky Commission on Human Rights (KCHR) on May 20, 1998. On November 30, 1999, Ms. Grego requested KCHR to withdraw her charge. On January 27, 2000, KCHR withdrew the complaint without prejudice. On May 17, 2000, Ms. Grego filed suit in Jefferson Circuit Court and Meijer removed the case to federal court, invoking this Court's diversity jurisdiction.

### II

Sitting in diversity, this Court must apply Kentucky law. *Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining Kentucky law only the decisions of the highest court of Kentucky bind this Court. *See Comm'r of Internal Revenue v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). To be sure the holdings of other state courts may provide indications of what the highest court may do. However, such holdings are not absolute predictors. They can inform this Court's determination of the content of state law, but "should *a fortiori* not be controlling." *Id.* at 465, 87 S.Ct. 1776. Ultimately, this Court must predict how the state's highest court would rule. *Dinsmore Instrument Co. v. Bombardier, Inc.,* 199 F.3d 318, 320 (6th Cir.1999) (citing *Northland Ins. Co. v. Guardsman Prods., Inc.,* 141 F.3d 612, 617 (6th Cir.1998)). The Court may disregard an intermediate state court decision if it is convinced that the highest state court would decide otherwise. *See Meridian Mut. Ins. Co. v. Kellman,* 197 F.3d 1178, 1181 (6th Cir.1999). In such an instance, this Court's decision does not overrule the intermediate appellate court. Rather, after examining the whole body of relevant law, including the intermediate court's decision, the Court predicts how the highest court in the state would rule on the issues relevant to this case.

### III

The Kentucky Civil Rights Act provides two avenues for relief; administrative and judicial. *Vaezkoroni v. Domino's Pizza, Inc.,* 914 S.W.2d 341, 343 (Ky. 1995); KENT.REV.STAT. ANN. § 344.270 (Michie 2000). Ms. Grego initially sought administrative redress of her claim by filing a complaint with the KCHR on May 20,

1998. The election of remedies provision of the Kentucky Civil Rights Act states:

A state court shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance is pending before the commission. A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance.

KENT.REV.STAT. ANN. § 344.270. The plain language of the statute is instructive and seemingly straightforward. If a grievance "is pending," then courts have no jurisdiction over a claim. However, where one withdraws his claim, it cannot be "pending" and is thus not barred by the plain language of section 344.270. Unfortunately, neither every circumstance nor every judicial interpretation is so straightforward.

■ Just recently the Kentucky Court of Appeals concluded that the *filing* of a claim with the KCHR bars a subsequent action in court. *Founder v. Cabinet for Human Res.*, 23 S.W.3d 221 (Ky.App. 1999). Defendant argues that this precedent requires this Court to dismiss Plaintiff's claim. This Court disagrees with the analysis in *Founder*.[1] Nevertheless, this Court is mindful that it cannot ignore *Founder*'s holding simply due to its own disagreement. *See Clutter v. Johns Manville Sales Corp.*, 646 F.2d 1151, 1153 (6th Cir.1981) (holding that "[i]f the state appellate court announces a principle and relies upon it, that is a datum not to be disregarded by the federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.").

In the process of reviewing *Founder*, the Court has carefully considered the Kentucky Supreme Court cases upon which it relies as underlying authority. The holdings and dicta of those cases seem at odds with the appellate court's ultimate conclusion. The first case is *Vaezkoroni v. Domino's Pizza, Inc.*, 914 S.W.2d 341, 343 (Ky.1995), which states "[o]nce any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion." In *Vaezkoroni*, however, the

---

1. First, it ignores the plain language of the statute by giving determinative weight to whether a claim was ever filed with the KCHR, rather than whether a claim is currently pending with the KCHR. Second, it imposes a rigid formalism on the doctrine of election of remedies not found in the statute and long since abandoned by courts. *See, e.g., EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 464 (6th Cir.1999) (stating that courts have "long recognized ... the demise" of the election of remedies doctrine).

The Court also examined election of remedies provisions in other states to determine if analogues would provide guidance in resolving this issue. The New York Human Rights Law election of remedies provision provides a perfect example of the important distinction overlooked by the *Founder* court. New York Executive Law § 297(9) states in relevant part: "No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency ..., may file a complaint with respect to the same grievance under this section...." Courts interpret this provision to find that the "initiation of any *court action* ... constitutes an election and a waiver of the right to commence an administrative proceeding." *Ramos v. New York City Police Dept.*, 127 Misc.2d 872, 487 N.Y.S.2d 667, 671 (1985). However, the law precludes those who filed an administrative action from filing a lawsuit "only during the actual pendency" of their administrative action. *Id.* at 672. The Court finds that the Kentucky election of remedies provisions mirrors the New York law governing those who have filed administrative actions who now seek judicial redress. As such, the important question is whether the administrative action "is pending."

court was faced with a plaintiff who filed three separate complaints with the KCHR which the KCHR investigated and concluded that no probable cause existed for his claims. The plaintiff then sought administrative review, and when unsuccessful, brought suit in court. The Kentucky Supreme Court barred the judicial remedy on the basis of election of remedies. Unlike the case at bar, however, *Vaezkoroni* addresses the situation where the administrative agency has investigated a complaint and issued a final determination of the merits.

The *Founder* court also cited *Clifton v. Midway College*, 702 S.W.2d 835 (Ky. 1985), as supporting its position. This Court finds such support for the *Founder* court's analysis only in the narrowest reading of *Clifton*. For one, in *Clifton*, the Kentucky Supreme Court discusses *McNeal v. Armour and Co.*, 660 S.W.2d 957 (Ky.Ct.App.1983), with approval. *Clifton*, 702 S.W.2d at 837. *McNeal* favors this Court's conclusion, rather than supporting *Founder*.[2] Moreover, *Clifton's* broader language is equally supportive. The Kentucky Supreme Court stated, "[c]learly the complainant has been the victim of a bureaucratic shuffle without the benefit of any kind of evidentiary hearing on the merits of her charges." *Id.* As such, the court continued, "Clifton has not elected remedies so as to remove jurisdiction from the circuit court. There has been no final determination by an agency so as to prevent consideration by a court...." *Id.* at 838. The Court is convinced, therefore, that its own analysis of

these two Kentucky Supreme Court cases represents the actual direction that the Supreme Court has taken and would continue to articulate in our case.

Defendant is absolutely correct that *Founder* supports its position. However, this Court respectfully suggests that the Kentucky Court of Appeals has not quite followed the road map the Kentucky Supreme Court has provided. Faced with our case, the Court predicts that the Kentucky Supreme Court would not follow *Founder*. This prediction arises from the persuasive evidence in the Supreme Court's own writings and the language of the statute itself. Absent a final determination by the administrative agency, therefore, the election of remedies provision of the Kentucky Civil Rights Act does not bar Ms. Grego's claim so long as it is no longer pending with the KCHR.

## IV

Defendant next argues that the statute of limitations bars Plaintiff's claims for assault and battery, wrongful imprisonment, and negligent supervision. Defendant claims that the one year limitations period of KENT.REV.STAT. ANN. § 413.140(1)(a), which covers actions for injuries to the person, applies to these claims. Plaintiff argues that the five year provision of KENT.REV.STAT. ANN. § 413.120(6), which applies to injuries to rights of the plaintiff, governs the claims of wrongful imprisonment and negligent supervision.

---

**2.** This Court believes that *McNeal* correctly interpreted the election of remedies provision as only prohibiting simultaneous judicial and administrative action. The court stated:

Consequently, we hold that a person who has made a complaint of employment discrimination with the EEOC cannot invoke the jurisdiction of a Kentucky court under KRS 344.450 while his claim is pending

with the federal body. However, if his claim is not resolved by the EEOC and that body relinquishes jurisdiction or responsibility over his claim by issuing to him what is commonly known as a "right to sue" letter ..., we hold that the claimant may bring an action in a Kentucky court under KRS 344.450....

*McNeal*, 660 S.W.2d at 958.

■ Plaintiff does not contest that the one year limitations period applies to her claims of assault and battery and those claims are therefore dismissed. Likewise, Plaintiff does not argue that her claims for breach of contract and breach of implied covenant of good faith and fair dealing should survive this 12(b)(6) motion and this Court will likewise dismiss those claims.

■ No statute expressly address the relevant limitations period for wrongful imprisonment, though section 413.140 does impose a one year limitations provision for actions based upon arrest. A leading treatise, *Kentucky Jurisprudence*, states, "the tort of false imprisonment is not specifically mentioned in KRS 413.140(1)(c); however, arrest is, and the two torts are both considered to be injuries to the person and would, therefore, additionally fall under KRS 413.140(1)(a)." William S. Haynes, KENTUCKY JURISPRUDENCE: TORTS § 9–12 (1987). This Court agrees with Mr. Haynes' analysis and finds, therefore, that the wrongful imprisonment claim is barred by the one year limitations period of KENT. REV.STAT. ANN. § 413.140(1)(a).

■ Kentucky has adopted the Restatement (Second) of Agency's definition of the tort of negligent supervision. *See Smith v. Isaacs,* 777 S.W.2d 912, 914 (Ky. 1989); *Turner v. Pendennis Club,* 19 S.W.3d 117, 121–22 (Ky.Ct.App.2000); *Oakley v. Flor–Shin, Inc.,* 964 S.W.2d 438, 442 (Ky.Ct.App.1998). The Restatement defines the tort as follows: "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: ... (c) in the supervision of the activity." RESTATEMENT (SECOND) OF AGENCY § 213 (1957). The tort of negligent supervision is a second tort that derives from a tort committed by the person negligently supervised. In other words, Meijer could be liable for a tort committed by their employee if the employer did not reasonably supervise the employee. Because the tort of negligent supervision does not necessarily derive from employee's torts that cause physical injury, it does not fall within the one year limitations period of section 413.140(1)(a). In this case, the tort of outrage has a five year limitations period. *See Craft v. Rice,* 671 S.W.2d 247, 249 (Ky.1984). An employer could be held liable for negligent supervision of an employee who committed the tort of outrage and, in such a circumstance, the five year limitations period should apply to both torts since the harm in both torts is the "interference with plaintiff's rights causing emotional distress." *Id.* This Court will apply the five-year limitations period covering injuries to the rights of the plaintiff, section 413.120(6), to the negligent supervision claim. The statute of limitations does not bar Plaintiff's claims of negligent supervision.

V

■ Finally, Defendant argues that Plaintiff does not state a claim for the intentional infliction of emotional distress. Kentucky has adopted the Restatement's standard for this tort, also known as the tort of outrage. *Craft v. Rice,* 671 S.W.2d 247, 251 (Ky.1984) (adopting RESTATEMENT (SECOND) OF TORTS § 46 (1965)). To prevail on a claim of outrageous conduct, a plaintiff must prove four elements: "(1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe." *Gilbert v. Barkes,* 987 S.W.2d 772, 777 (Ky.1999) (citations omitted). The standard for a 12(b)(6) dismissal is very high; the Court must accept all of Plaintiff's

allegations as true and Defendant must show that "no set of facts" that the Plaintiff can prove would entitle Plaintiff to the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff's broad allegations of inappropriate and intentional conduct in her complaint is sufficient to clear the 12(b)(6) standard currently before the Court. The Kentucky Supreme Court has only addressed the tort of outrage a few times and the exact parameters of covered behavior is not yet clear. At this preliminary stage, this Court cannot confidently say that no set of facts alleged by the Plaintiff would support a successful outrage claim under Kentucky law. This Court, therefore, cannot dismiss Plaintiff's claim of outrage at this early juncture. *See Sprowls v. Oakwood Mobile Homes, Inc.,* 119 F.Supp.2d 694, 697 (W.D.Ky. 2000).

The Court will issue an order consistent with this Memorandum Opinion.

### ORDER

Defendant has moved to dismiss all of Plaintiff's claims for failure to state a claim upon which relief may be granted. The Court has reviewed the evidence and has filed a Memorandum Opinion. The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss with prejudice is GRANTED as to Plaintiff's claims of breach of contract, breach of implied covenant of good faith and fair dealing, wrongful imprisonment, and assault and battery.

IT IS FURTHER ORDERED that Defendant's motion to dismiss with prejudice is DENIED as to Plaintiff's claims of sex discrimination, intentional infliction of emotional distress, and negligent supervision.