Shirley A. BROWN and Joyce Fay Stinnett, Appellants,

v.

DIVERSIFIED DECORATIVE PLASTICS, LLC, Appellee.

No. 2001–CA–001708–MR.

Court of Appeals of Kentucky.

March 28, 2003.

Willard B. Paxton, Princeton, KY, for appellants.

Stephen E. Smith, Jr., Paducah, KY, for appellee.

## OPINION

BUCKINGHAM, Judge.

This case is before the court sitting *en banc* to consider whether our prior opinion in *Wilson v. Lowe's Home Center*, Ky. App., 75 S.W.3d 229 (2001), should be overruled. A majority of the court concludes that it should not be overruled. Thus, as the principles in that case are applied to the facts herein, we reverse and remand.[1]

Appellants, Shirley A. Brown and Joyce Fay Stinnett, both had been employed by Appellee, Diversified Decorative Plastics, LLC, (DDP) prior to October 8, 1998. Both appellants, who were over forty years old at that time, were discharged from their employment on that date. On Octo-

ber 21, 1998, the appellants filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a "Notice of Right to Sue" to the appellants on October 31, 1998.

On January 1, 1999, the appellants filed a charge of age discrimination with the Kentucky Commission on Human Rights (Commission). They also filed separate civil complaints in the United States District Court for the Western District of Kentucky, Paducah Division, on January 19, 1999. Their cases were consolidated, and upon their motion for voluntary dismissal, the federal court cases were dismissed without prejudice on November 30, 1999.

The appellants also filed requests to withdraw their complaints with the Commission. On February 29, 2000, the Commission issued an order allowing the complaints to be withdrawn without prejudice to the appellants. On March 15, 2001, the appellants filed a civil complaint under the Kentucky Civil Rights Act (KRS[2] Chapter 344) in the Lyon Circuit Court alleging age discrimination against DDP. There were no actions pending before the EEOC, the Commission, or the federal court at the time the circuit court action was filed.

DDP moved the circuit court to dismiss the civil rights claims due to the doctrine of the election of remedies. Relying on our decision in *Founder v. Cabinet for Human Resources*, Ky.App., 23 S.W.3d 221 (1999), the circuit court granted DDP's motion to dismiss on the ground that Brown and Stinnett had elected their remedy when they chose to file an administra-

---

1. The trial court did not have the benefit of our decision in *Wilson* prior to its decision in this case, and the parties likewise did not have the benefit of *Wilson* when they filed their briefs.

2. Kentucky Revised Statutes.

tive action and were thus precluded from thereafter seeking a remedy through a circuit court action, even though all administrative proceedings had been withdrawn and dismissed. This appeal by Brown and Stinnett followed.

Following the entry of the circuit courts order of dismissal, this court rendered an opinion in the *Wilson* case, which is factually similar to the case *sub judice*. In *Wilson*, the aggrieved employee filed a complaint with the Commission alleging racial discrimination and a racially hostile work environment. Subsequently, the employee withdrew his claim, and an order was entered allowing the claim to be withdrawn without prejudice. Further, the EEOC provided the employee with a "Notice of Right to Sue." Thereafter, the employee filed a civil complaint in the Jefferson Circuit Court.

This court first noted that KRS Chapter 344 establishes separate avenues for recovering damages due to civil rights violations. *Id.* at 232. We noted that a discrimination complaint could be filed with the Commission pursuant to KRS 344.200 or, alternatively, a complaint alleging discrimination could be filed as a civil action for damages in circuit court pursuant to KRS 344.450. *Id.* Distinguishing the facts therein from the facts in *Vaezkoroni v. Domino's Pizza, Inc.*, Ky., 914 S.W.2d 341 (1995), and *Founder*, we concluded that the doctrine of election of remedies did not bar the employee from pursuing his circuit court action. 75 S.W.3d at 236–37.

Clearly, the facts in the *Wilson* case are like those in the case *sub judice*. In each case, the employee had filed a discrimination complaint with an administrative agency and had then dismissed the complaint prior to filing a circuit court civil action. If we are to follow the *Wilson* case herein, then the circuit courts judgment must be reversed and the case must be remanded so that Brown and Stinnett may pursue their civil action. A majority of this court concludes that *Wilson* should be followed and the circuit court judgment reversed.

DDP cites the *Vaezkoroni* case as binding precedent[3] and also cites the *Founder* case as authority to support its argument that the trial court correctly dismissed the appellants' complaint pursuant to the doctrine of election of remedies. Brown and Stinnett cite *Canamore v. Tube Turns Div. Of Chemetron Corp.*, Ky.App., 676 S.W.2d 800 (1984), and *Clifton v. Midway College*, Ky., 702 S.W.2d 835 (1985), as being factually similar to this case. They also assert that the facts herein are different from those in the *Vaezkoroni* case and that, therefore, it is not binding upon this court. We agree with Brown and Stinnett that the facts in the *Vaezkoroni* case are distinguishable from the facts herein and that certain language employed by the court in *Vaezkoroni* was dictum and should not be followed by this court.

The *Vaezkoroni* case involved an aggrieved employee who had filed three separate complaints with the local human rights commission (Lexington Fayette Urban County Human Rights Commission). Each complaint was resolved by that commission in a manner adversely to the employee. Further, each complaint was dismissed on the merits by the commission before the employee continued his pursuit of relief by filing a civil complaint in the circuit court.

The issue resolved by the *Vaezkoroni* court involved whether KRS Chapter 344

---

**3.** "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Rules of the Supreme Court (SCR) 1.030(8)(a).

applied to local human rights commissions as well as to the Kentucky Commission on Human Rights. The court held that it did. 914 S.W.2d at 342. However, the court went on to state that "[o]nce any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion." *Id.* at 343. A majority of this court concludes that this statement was dictum which is not binding on this court as precedent. Further, we conclude that the language should not be followed in this case and that the Kentucky Supreme Court would also not follow it under these circumstances.

 "A statement in an opinion not necessary to the decision of the case is obiter dictum. It is not authoritative though it may be persuasive or entitled to respect according to the reasoning and application of whether it was intended to lay down a controlling principle." *Cawood v. Hensley*, Ky., 247 S.W.2d 27, 29 (1952). "The test is whether the statement was or was not necessary to the determination of the issues raised by the record and considered by the court." *Utterback's Adm'r v. Quick*, 230 Ky. 333, 19 S.W.2d 980, 983 (1929). Applying these principles, it is apparent that the language in the *Vaezkoroni* case is dictum.

The only issue in *Vaezkoroni* was whether Vaezkoroni could have filed a circuit court action even though he had failed to obtain relief in his administrative action since that action was filed with the local human rights commission rather than with the Kentucky Commission on Human Rights. KRS 344.200(1) provides that an aggrieved party may file a complaint with "the commission." KRS 344.010(2) defines "[c]ommission" as being the Kentucky Commission on Human Rights. The statute makes no mention of local human rights commissions.

Vaezkoroni argued that he could file the civil action in circuit court because KRS Chapter 344 was not applicable. He reasoned that the statutes made no provision for, or reference to, a complaint being filed with a local human rights commission. The court rejected Vaezkoroni's argument and held that KRS Chapter 344 applied equally to the Kentucky Commission on Human Rights and to local human rights commissions. 914 S.W.2d at 342. That being the case, the court held that it would be "absurd" to allow an employee an alternative "to chose between local or state administrative remedies and still have the option of judicial relief." *Id.*

It was only in the concluding paragraph of the *Vaezkoroni* opinion that the court made the statement upon which DDP cites as binding precedent. The *Vaezkoroni* court stated as follows:

In conclusion, we hold that KRS Chapter 344 authorizes alternative avenues of relief, one administrative and one judicial. The administrative avenue also includes alternatives; the individual may bring a complaint of discrimination before either the Ky. Commission or the local commission. Once any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion. This interpretation is necessary to "give meaning to and carry out the obvious purposes of the act as a whole." *Monmouth Street Merchants' Bus Ass'n v. Ryan*, 247 Ky. 162, 56 S.W.2d 963, 964 (1933).

*Id.* at 343. The entire opinion until the last paragraph had dealt with the issue of whether an action filed with a local human rights commission was subject to KRS Chapter 344. The language in the last paragraph was unnecessary to the resolution of the issue before the court. As such, a majority of this court concludes

that the language was dictum and is not binding precedent.

■ Like *Vaezkoroni*, the *Founder* case, the case upon which the circuit court relied in dismissing the complaint in the case *sub judice*, is distinguishable on its facts. In *Founder* the employee filed a civil suit in circuit court while his claim with the Commission was still pending.[4] The employee in *Founder* was not allowed to proceed with the circuit court action because it was specifically prohibited by KRS 344.270. That statute provides:

> The provisions of KRS 13B.140 notwithstanding, commission shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance under KRS 344.450 is pending. A state court shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance is pending before the commission. A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance.

■ The employee in the *Founder* case was properly denied relief because the statute prohibited the employee from filing a circuit court action while the administrative action was still pending. Thus, the dismissal of the circuit court action was required. KRS 344.270. However, in the

case *sub judice* and in the *Wilson* case, the Commission complaints had been withdrawn, and the statute did not prohibit the circuit court action from being filed. In fact, DDP acknowledges that the statute did not prohibit the circuit court complaints of Brown and Stinnett. For this reason, *Founder* has no applicability to the facts herein. Having concluded that KRS 344.270 did not prohibit Brown and Stinnett from pursuing relief by way of a circuit court action and having concluded that the language employed by the Kentucky Supreme Court in the *Vaezkoroni* case was dictum, we are left with the issue of whether the appellants' complaint was properly dismissed pursuant to the doctrine of the election of remedies. In accordance with the manner in which that doctrine has been applied in Kentucky, we conclude that the complaint was not so barred.

According to general authority, jurisdictions differ concerning whether the commencement of an action constitutes an election of a remedy which precludes another action. In 25 Am.Jur.2d *Election of Remedies* 14 (1996), it is stated as follows:

> In some jurisdictions, the beginning of a suit is an unequivocal act of election. This rule applies to the filing of an administrative claim, and an alternative action in court will be allowed only if the pending claim is dismissed for administrative convenience, if the filing of a lawsuit is not forbidden by statute or regulation, or if the prejudice to the defendant is truly minimal.

> In other jurisdictions, however, the mere commencement of an action does not determine the right to elect between

---

**4.** The circuit court in the case *sub judice* stated that the employee in *Founder* withdrew his complaint before the Kentucky Commission on Human Rights before filing an action in circuit court. This is not accurate. The circuit court action in *Founder* was filed on October 26, 1994, and the complaint with the Commission was withdrawn by order dated December 8, 1994. *Founder*, 23 S.W.3d at 222. Thus, in *Founder* the action before the Commission was pending when the circuit court action was filed.

inconsistent remedies, and the doctrine applies only when a cause of action is prosecuted to judgment.

Courts sometimes take the position that it is the pendency, rather than the commencement, of an action which precludes the plaintiff from maintaining another action for an inconsistent remedy. A second action may be brought only if the first cause of action is no longer pending when the second action is commenced.

In *Riley v. Cumberland & Manchester Railway Co.*, 234 Ky. 707, 29 S.W.2d 3 (1930), the court acknowledged that:

It is the general rule that as between actions for damages for breach of a contract and suits for specific performance that the mere beginning of the action, or suit, does not constitute an irrevocable election unless it has caused an advantage to the plaintiff or a detriment to the defendant.

29 S.W.2d at 4. In *Joseph Goldberger Iron Co. v. The Cincinnati Iron & Steel Co.*, 153 Ky. 20, 154 S.W. 374 (1913), the court noted that the institution and dismissal without prejudice of a civil action in Cincinnati, Ohio, was not a conclusive election against the maintenance of an action in Kentucky courts. 154 S.W. at 376. The key fact recognized by the court was that there had been no judgment or decree in the Cincinnati suit. *Id.* The court stated that "[t]he general rule is that the prosecution of one remedial right, to judgment or decree, whether the judgment is for or against the plaintiff, is a decisive act which constitutes a conclusive election, and bars the subsequent prosecution of inconsistent remedial rights." *Id.*

*Speck v. Bowling*, Ky.App., 892 S.W.2d 309 (1995), is a later case involving the doctrine of election of remedies. Bowling was injured in an automobile accident when his automobile was struck by an automobile driven by Speck, a state trooper. Bowling initially filed a claim against the Commonwealth before the Board of Claims, but that complaint was abandoned. He then filed a civil action against Speck in the Clay Circuit Court. A panel of this court stated that Bowling had alternative remedies in seeking damages in the Board of Claims or seeking damages in circuit court by way of a tort action. *Id.* at 311. The court rejected Speck's election of remedies argument and held that Bowling could pursue his circuit court action even though he had previously filed and abandoned a Board of Claims action. *Id.*

■ In light of the foregoing discussion of the doctrine of election of remedies, we conclude that Brown and Stinnett should be allowed to pursue their civil circuit court action. Under Kentucky law, the doctrine of election of remedies "means that when a person has at his disposal two modes of redress, which are contradictory and inconsistent with each other, his deliberate and settled choice *and pursuit* of one will preclude his later choice and pursuit of the other." (Emphasis added.) *Collings v. Scheen*, Ky., 415 S.W.2d 589, 591 (1967). Although Brown and Stinnett initially selected the administrative route as a remedy, they did not pursue it but rather withdrew their complaints. Following the dismissal without prejudice of those complaints, they then proceeded down the judicial avenue. We conclude that their action is not prohibited by the doctrine of election of remedies.[5]

---

**5.** In some cases there may be a question concerning how long prior to a final determination on the merits by an administrative body that a party may withdraw his complaint and then proceed with a circuit court action. Obviously, a party may not file a claim with an administrative agency, proceed to a hearing, and then withdraw the claim

We further note that our position is consistent with *Canamore,* 676 S.W.2d 800, and *Clifton,* 702 S.W.2d 835. In the *Canamore* case an aggrieved employee filed a complaint with the EEOC. The EEOC deferred the charges to the Kentucky Commission on Human Rights. Some two years later, with no action having been taken by the Commission, the EEOC dismissed Canamore's charges. There was no evidence in the record of any Commission proceeding.

Canamore then filed a civil complaint in the Jefferson Circuit Court. The circuit court dismissed the action for lack of subject matter jurisdiction. In reversing the circuit court, this court held that the employee's civil action was not precluded so long as the employee did not proceed to federal court and the Commission never reached a final determination in the proceedings before it. *Canamore,* 676 S.W.2d at 804.

The *Clifton* case is similar. Clifton was discharged from her position at Midway College, and she filed a discrimination charge with the EEOC. Her complaint was deferred to the Kentucky Commission on Human Rights. The Commission then relinquished jurisdiction over the claim back to the federal agency. After Clifton received a "Notice of Right to Sue" letter from the EEOC, she filed a complaint against the employer in the circuit court. The circuit court then entered a summary judgment in favor of the employer dismissing the complaint. The circuit court reasoned that the employee had a claim before the Commission which precluded her from filing a civil action in the courts.

In granting discretionary review of this court's opinion affirming the circuit court, the Kentucky Supreme Court reversed. *Clifton,* 702 S.W.2d at 838. The court held that an individual who has charges of discrimination referred by the EEOC to the Commission, but without an order issued by the Commission, is not precluded from pursuing a civil action under KRS 344.450. *Id.* at 837. The court noted that the Commission had neither given consideration to the charges nor issued any order relating to the employee's claim. *Id.* We see little difference between the appellants' situation and that of the employees in the *Canamore* and *Clifton* cases.[6]

Finally, it should be noted that the United States District Court for the Western District of Kentucky, Louisville Division, recently addressed this issue in *Grego v. Meijer, Inc.,* 187 F.Sup.2d 689 (W.D.Ky. 2001). In *Grego* the aggrieved employee filed a sex discrimination complaint with the Kentucky Commission on Human Rights. She thereafter withdrew her Commission complaint and filed a civil complaint in the Jefferson Circuit Court. The case was then removed to federal court due to diversity. The federal district court denied the employer's motion to dismiss Grego's complaint. *Id.* at 693. The court examined the *Vaezkoroni* and *Founder* cases, predicted that the Kentucky Supreme Court would not follow *Founder,* and held that Grego could file her complaint in circuit court even though she had previously filed a complaint with

following the hearing but before the ruling body issues a final determination. Such is not the case herein, and there is no indication that DDP suffered any prejudice by the withdrawal of the claims of Brown and Stinnett.

**6.** *See also McNeal v. Armour and Co.,* Ky.App., 660 S.W.2d 957 (1983), wherein this court

held that where a claim is filed with the EEOC which then relinquishes jurisdiction over the claim and issues a "right to sue" letter, the claimant may bring a state civil court action under KRS Chapter 344. *Id.* at 958.

the Commission. *Id.* at 692. Even though the *Grego* case is not binding on this court, its reasoning is sound and should be followed by this court.[7]

In short, the complaint filed by Brown and Stinnett in the Lyon Circuit Court is not barred by KRS 344.270, by the precedent in the *Vaezkoroni* case, or by the doctrine of election of remedies. The principles set forth in *Wilson v. Lowe's Home Center* are applicable to the facts of this case, and that decision should not be overruled. Therefore, the circuit court erred in dismissing the appellants' complaint.

The order of the Lyon Circuit Court is reversed and remanded for further proceedings consistent herewith.

BARBER, COMBS, JOHNSON, KNOPF, McANULTY, PAISLEY, SCHRODER, AND TACKETT, JUDGES, CONCUR.

EMBERTON, CHIEF JUDGE, DISSENTS BY SEPARATE OPINION IN WHICH BAKER, DYCHE, GUIDUGLI, AND HUDDLESTON, JUDGES, JOIN.

EMBERTON, Chief Judge, dissenting.

As author of the initial opinion by the three-judge panel in this case, I expressed a preference for the result that an earlier panel had reached in *Wilson v. Lowe's Home Center*,[8] as opposed to the result we found necessary to reach. The difference lay in whether we could construe the last paragraph of the opinion in *Vaezkoroni v. Domino's Pizza, Inc.*,[9] to be dictum as did the court in *Wilson*, and thereby disregard

*Vaezkoroni*. After a careful analysis, the panel held *Vaezkoroni* to be controlling authority and rendered the opinion accordingly, disregarding *Wilson* as appropriate authority. Because our result was directly contrary to *Wilson* the full court voted to consider the case *en banc*. In an *en banc* vote a majority of the court held the *Wilson* construction of *Vaezkoroni* to be correct. Thus this dissent.

The majority in its opening paragraph states the issue as being simply whether *Wilson* should be overruled. Although I make no argument with *Wilson* insofar as its having produced an equitable result, the panel has supported its conclusion by finding the offending portion of the *Vaezkoroni* opinion to be dictum. Therefore, in considering this case the disagreement between the majority holding and this dissent lies squarely in the construction of *Vaezkoroni*.

The facts of the case, as well as the facts of cases cited, have been adequately discussed in the majority opinion, therefore it serves no purpose to reiterate them here. Vaezkoroni argued that since his claims were filed with the Lexington–Fayette County Urban Human Rights Commission, he had not made an election of remedies as provided in KRS 344.270, and consequently he was not barred from now bringing his claim in Fayette Circuit Court.

However, Fayette Circuit Court granted summary judgment to defendant Domino's on the grounds that Vaezkoroni was barred the same as if the claim were filed with the Kentucky Human Rights Commission. The Court of Appeals affirmed

7. *See also Thomas v. Forest City Enterprises,* 2001 WL 1772018, 2001 U.S. Dist. Lexis 16632 (W.D.Ky.) wherein the U.S. District Court for the Western District of Kentucky, Louisville Division, stated its conclusion that the Kentucky Supreme Court would follow the *Clifton* case and the *McNeal* case rather

than the *Founder* case and the dictum in the *Vaezkoroni* case.

8. Ky.App., 75 S.W.3d 229 (2001).

9. Ky., 914 S.W.2d 341 (1995).

the trial court, albeit on the doctrine of *res judicata,* and the Supreme Court then granted discretionary review. It held that the provisions in KRS Chapter 344 apply equally to the Kentucky Human Rights Commission and to local human rights commissions.

Throughout the majority opinion we are reminded that there is one, and only one, issue in *Vaezkoroni,* that being the legal relevance of KRS 344.270 to a local human rights commission. I believe such misperception is, in part at least, a result of the *Vaezkoroni* court engaging in such extensive discussion on the issue of whether a local human rights commission is the legal equivalent of the Kentucky Human Rights Commission; so much so that one loses sight that the ultimate issue before the court was whether Vaezkoroni was permitted to file his claim in the circuit court after having filed with the local human rights commission. Whether he was entitled to file in the circuit court was obviously predicated upon the court's holding regarding the first question—that is, what was the legal standing of the local human rights commission. Whatever that outcome may have been it was necessary for the court to address the ultimate question of whether an election of remedies had been made by Vaezkoroni's having filed his claim with the local human rights commission. In its final paragraph the court is unequivocal in its holding that the election of remedies is made, and Vaezkoroni is barred from filing in any other forum.

The pertinent part of the concluding paragraph states:

> In conclusion, we hold that KRS Chapter 344 authorizes alternative avenues of relief, one administrative and one judicial. The administrative avenue also includes alternatives; the individual may bring a complaint of discrimination before either the Ky. Commission or the local commission. Once any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion.... (Citations omitted.)

To hold that this paragraph is dictum is clear error. It is an appropriate summary of the court's holdings on the issues before it and constitutes precedent that the Court of Appeals is compelled to follow.

The opinion in *Wilson v. Lowe's Home Center* is a well-written and scholarly opinion and reaches an equitable result, but it does so by failing to heed a basic principle of law.

I think the summary paragraph of *Vaezkoroni* clearly addresses the questions before that court. It therefore is not dictum and should not have been considered as such by us in the *Wilson* case. Regrettably, it should now be overruled and *Vaezkoroni* followed as precedent in the case before us.

The circuit court should be affirmed with the hope that the Supreme Court will grant discretionary review and clarify the confusion.

BAKER, DYCHE, GUIDUGLI AND HUDDLESTON, JUDGES, JOIN IN THIS OPINION.