Ahmad VAEZKORONI, Appellant,

v.

DOMINO'S PIZZA, INC., Appellee.

No. 93–SC–203–DG.

Supreme Court of Kentucky.

Nov. 22, 1995.

Rehearing Denied Feb. 22, 1996.

William C. Jacobs, Catherine M. Stevens, Lexington, for appellant.

Richard G. Griffith, Cheryl U. Lewis, Lexington, for appellee.

## OPINION OF THE COURT

Ahmad Vaezkoroni appeals from the Court of Appeals decision affirming the circuit court's granting of summary judgment to Domino's Pizza, Inc. (hereinafter Domino's). The action was brought under Chapter 344 of the KRS, the Kentucky Civil Rights Act (hereinafter the Act). Vaezkoroni alleged discrimination during employment and in his discharge from employment on the basis of national origin. Vaezkoroni's country of origin is Iran.

In 1989, he filed three charges of discrimination against Domino's with the Lexington–Fayette Urban County Human Rights Commission (hereinafter Fayette County commission). The first charge, filed in October, alleged discrimination based on national origin. The Fayette County commission investigated the charge and issued a "No Probable Cause" determination. Vaezkoroni applied for a reconsideration of the finding with the Fayette County commission ultimately dismissing this complaint on July 3, 1991.

The second charge was filed on November 29, 1989, and again claimed discrimination based on national origin. The Fayette County commission followed the same procedure as above and dismissed this charge on June 27, 1991.

Vaezkoroni filed a third charge, on December 27, 1989, alleging retaliation by Domino's caused by the previous discrimination charges he had filed. This charge was also dismissed with a finding of "No Probable Cause."

Vaezkoroni filed this action on August 22, 1991 in Fayette Circuit Court. The complaint contained three allegations. Count I contained the identical charge of retaliation as noted above in the third charge. This was dismissed by agreed order after the parties arrived at a settlement. Count II contained a charge of discrimination by Domino's with respect to compensation, terms, conditions, or privileges of employment due to Vaezkoroni's Iranian origin. Count III asserted that Domino's had discriminated against him and discharged him because of his national origin in violation of the provisions in KRS 344.040. These are the same charges filed in the first two proceedings before the Fayette County commission.

Domino's moved for summary judgment on Counts II and III, asserting that KRS 344.270 barred Vaezkoroni from prosecuting this action in circuit court because of the previous determination by the Fayette County commission. Additionally, Domino's argued that the doctrine of *res judicata* barred this action. The circuit court granted Domino's motion and dismissed Vaezkoroni's complaint with prejudice on February 24, 1992.

Vaezkoroni then appealed to the Court of Appeals which affirmed the circuit court based on the doctrine of *res judicata*. We affirm the result of the Court of Appeals for the different reasons set out below.

█ We hold that the provisions in KRS Chapter 344 apply equally to the Kentucky Human Rights Commission (hereinafter Ky. Commission) and to the local human rights commissions (hereinafter local commission). To find otherwise would produce absurd results and work to circumvent the legislative intent behind Chapter 344.

█ It is well settled that "[t]he Act provides alternative sources of relief, one administrative and one judicial." *Meyers v. Chapman Printing Co.,* Ky., 840 S.W.2d 814, 820 (1992). Given this reasoning, it is absurd to assume that an individual could in fact have the opportunity to choose between local or state administrative remedies and then still have the option of judicial relief. Taken to its logical extreme, this interpretation would offer an individual the option of proceeding before a local commission, then before the circuit court and finally before the Ky. Commission. This is not the case.

In order to give meaning to the "alternate relief" provided by the Act, the local commission and the Ky. Commission must be treated as one and the same. This interpretation does no harm to the Act as a whole, given the mandated cooperation between the commissions. KRS 344.190, KRS 344.330, KRS 344.350. It is important to note that KRS 344.310, which authorizes establishment of the local commissions, was enacted in 1966, six years after KRS 344.150 which authorizes the establishment of the Ky. Commission. This time difference could explain why the legislature distinguished between the two commissions and did not expressly include the local commissions when defining "commission". KRS 344.010(2).

Other factors indicating the similarities between the state and local commissions include not only the cooperation involved but the identical nature of the proceedings available and the relief possible. The Lexington–Fayette Urban County Government (hereinafter LFUCG) ordinance 190–83 expressly adopts a large portion of the Act. For example, 190–83 § 2–32(1) states:

> The Commission shall follow the same procedures as the Kentucky Commission on Human Rights as set forth in KRS 344.200(6), pending final determination of proceedings hereunder; 344.230(3 and 4); 344.250 (1, 6 and 7); 344.260(3) and 344.385 ...[1]

Additionally, LFUCG ordinance 190–83 § 2–31 adopts KRS 344.020, titled "Purposes of the law, construction; effect", in its entirety. Among other things, KRS 344.020(2) states that "[t]his chapter *shall* be construed to further the general purposes stated in this section and the special purposes of the particular provision involved." (emphasis added). Our interpretation of the Act will fur-

---

**1.** KRS 344.200(6) pertains to the enforcement procedure for the KHRC; 344.230(3 and 4) pertains to the affirmative relief available under the Act; 344.260(3) pertains to enforcement of subpoenas issued by KHRC; 344.385 pertains to notice requirements for unfair housing practices.

ther its general purposes by defining the authorized avenues of relief.

Finally, appellant maintains that *Canamore v. Tube Turns Division of Chemetron Corporation*, Ky.App., 676 S.W.2d 800 (1984), is dispositive of this issue. In *Canamore* the Court of Appeals noted that "KRS Chapter 344 is specific, 'commission' means 'the Kentucky commission on human rights.'" 676 S.W.2d at 804. It is important to remember that the administrative agency dealt with in *Canamore* was the Equal Employment Opportunity Commission (hereinafter EEOC). *Canamore* further states that the action by the "EEOC is an action by a federal agency taken pursuant to federal statute and outside the bounds of KRS Chapter 344." *Id.* The local commission is hardly outside the bounds of the Act. The issue before this Court concerns two state agencies authorized by the Act. Therefore, appellant's reliance on *Canamore* is misplaced.

In conclusion, we hold that KRS Chapter 344 authorizes alternative avenues of relief, one administrative and one judicial. The administrative avenue also includes alternatives; the individual may bring a compliant of discrimination before either the Ky. Commission or the local commission. Once any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion. This interpretation is necessary "to give meaning to and carry out the obvious purposes of the act as a whole." *Monmouth Street Merchants' Business Association v. Ryan*, 247 Ky. 162, 56 S.W.2d 963, 964 (1933).

For the foregoing reasons, the Court of Appeals is affirmed.

All concur.