GEUPEL CONSTRUCTION COMPANY, INC.,
Appellant,

v.

COMMONWEALTH OF KENTUCKY TRANSPORTATION CABINET,
Appellee.

No. 2001–CA–001729–MR.

Court of Appeals of Kentucky.

Feb. 14, 2003.

Reconsider Denied April 25, 2004.

Discretionary Review Denied by Supreme Court June 9, 2004.

Buckner Hinkle, Jr., Ryan S. Quinn, Lexington, KY, for appellant.

John B. Baughman, Squire N. Williams III, Frankfort, KY, Mary R. Harville, Trevor L. Earl, Louisville, KY, for appellee.

Before COMBS, GUIDUGLI, and SCHRODER, Judges.

*OPINION AND ORDER*

COMBS, Judge.

Geupel Construction Company, Inc. ("Geupel"), an Ohio corporation, appeals from a judgment entered on May 16, 2001, by the Franklin Circuit Court in favor of the Commonwealth of Kentucky Transportation Cabinet (the "Cabinet"). Following a bench trial, the court held that Geupel was not entitled to payment above the unit contract price for additional work that it had performed pursuant to its contract with the Cabinet. We vacate and remand for an order of dismissal.

On February 2, 1994, Geupel and the Cabinet entered into a construction contract for the grade, drain, and bituminous surfacing of 1.4 miles of the Maysville–Portsmouth Road in Mason County, Kentucky. The contract obligated Geupel, as the general contractor, to drill, blast, and haul approximately 7.5 million cubic yards of excavation material.

The contract was awarded to Geupel according to a competitive bidding process. In formulating its bid, Geupel's staff re-

viewed the Cabinet's plans and divided the project into various segments according to the types of work to be performed, the nature and quantities of material to be excavated, and the hauling distances for the excavated material. However, the bid document did not allow for the submission of different unit prices for the different types of excavation required for the project. Instead, Geupel estimated the cost for each segment of the work and submitted its bid for roadway excavation based upon a weighted average for all of the work to be done.

Geupel's bid took into account varying costs associated with the relative difficulty of the different kinds of work to be performed for the project. For example, the estimated cost of the majority of the excavation work, referred to as "mass excavation," was $1.61 per cubic yard. A limited but more costly type of excavation work, referred to as "transverse benching," was factored at $2.67 per cubic yard. As a result, the average unit price quoted in the bid sheet amounted to $1.75 per cubic yard.

As the project progressed, Geupel was directed by the Cabinet to perform additional excavation. The extra work included the excavation and removal of 13,428 cubic yards of material beneath the roadway grade originally fixed by the Cabinet ("undercutting") and an additional 99,072 cubic yards of transverse benching (the "benching"). According to Geupel, the unit costs for these two types of additional work greatly exceeded the $1.75 unit price originally quoted by Geupel in its bid for the project. Accordingly, Geupel sought payment for this additional excavation work at a rate considerably higher than the contract price. It submitted two

claims to the Cabinet's Contracts Claims Committee for review.

Composed of seven engineers from the Division of Construction, the Cabinet's committee reviewed information relative to the claim and discussed the issues involved. After its deliberations, it voted to deny Geupel's claims. Pursuant to 603 KAR[1] 2:015, Section 10, Geupel then pressed its claims against the Cabinet through the complete administrative process provided for resolving road-related contract disputes between the Cabinet and contractors.

603 KAR 2:015, Section 10, specifically provides "for proceedings in accordance with the provision of KRS[2] Chapter 13B." KRS Chapters 13A and 13B constitute Kentucky's version of a model act referred to as the "Administrative Procedure Act."

Consistent with the requirements of KRS Chapter 13B, Geupel's case was assigned to a hearing officer from the Office of the Attorney General, Division of Administrative Hearings. An extensive administrative hearing was conducted on March 19–20, 1997. It was a full-blown, due process type hearing in which Geupel was allowed to complete discovery, to confront and cross-examine adverse witnesses, and to offer numerous documents and live testimony into evidence before an impartial decision-maker.

On November 10, 1997, the hearing officer rendered his Findings of Fact, Conclusions of Law, and a Recommended Order. The hearing officer concluded that Geupel was not entitled to compensation exceeding the original unit contract rate of $1.75 for the additional work performed as part of the project and recommended that Geupel's claims for payment at a rate exceeding the unit contract price be denied.

---

1.  Kentucky Administrative Regulations.

2.  Kentucky Revised Statutes.

Geupel's exceptions followed. On January 13, 1998, the Secretary of the Cabinet entered a final order denying Geupel's claims.

The Cabinet's regulations specify that "[t]he contractor shall have appeal rights pursuant to KRS Chapter 13B." 603 KAR 2:015, Section 10(6). KRS 13B.140 provides that all final orders of an agency shall be subject to judicial review. It directs an aggrieved party to institute an appeal of an agency's final order by filing a petition for review in the appropriate circuit court within thirty days after the final order is mailed or delivered to the parties. Provision is also made for the transmittal of the official administrative record.

KRS 13B.150 directs the circuit court to review the final order without a jury and limits the scope of review to the record. The parties' oral arguments and written briefs may be considered. The circuit court is not at liberty to substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, but it may reverse the order "in whole or in part" and remand the case for further proceedings if it finds that the agency's final order is:

(a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Without support of substantial evidence on the whole record;

(d) Arbitrary, capricious, or characterized by abuse of discretion;

(e) Based on an ex-parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;

(f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or

(g) Deficient as otherwise provided by law.

*Id.* An aggrieved party may then appeal the final judgment to this court in accordance with the Kentucky Rules of Civil Procedure. KRS 13B.160.

Instead of filing a petition for review of the Cabinet's final order, Geupel filed a civil action in the Franklin Circuit Court. In its complaint, Geupel claimed to be entitled to $132,901.00 for the additional undercut work and $91,146.00 for the additional transverse benching required for completion of the project. Geupel alleged that jurisdiction and venue were based on the provisions of KRS Chapter 45A.

KRS Chapter 45A, Kentucky's Model Procurement Code, provides that claims or controversies arising under contracts between and among the Commonwealth and its contractors shall be resolved by the written decision of the Secretary of the Finance and Administration Cabinet or his designee. KRS 45A.235. Following an adverse decision, an aggrieved party may file a civil action on the contract against the Commonwealth in Franklin Circuit Court. KRS 45A.245(1). The action is to be tried by the court sitting without a jury.

The Cabinet argued before the Franklin Circuit Court that Geupel's action should proceed as an appeal pursuant to the provisions of KRS Chapter 13B, a process that would strictly limit the court's review of the matter. Geupel contended that although it had participated in a full administrative process, it was entitled to a trial *de novo* pursuant to the provisions of the Model Procurement Code. The Franklin Circuit Court agreed with Geupel, and the action proceeded under KRS Chapter 45A.

Following a bench trial, the Franklin Circuit Court concluded that Geupel was not entitled to be compensated for the additional work at a rate above the origi-

nally agreed upon contract price. The court agreed with the Cabinet's position that Geupel had been properly compensated for the additional work pursuant to the contract unit price of $1.75 per cubic yard of excavation. Geupel's complaint was dismissed, and this appeal followed.

In its brief to this court, Geupel contends that the trial court erred in its construction of the parties' contract. The Cabinet argues that Geupel's substantive argument is meritless. However, it maintains that the procedural issue as to the nature of Geupel's complaint involving jurisdiction over the proceedings in the trial court is the dispositive and critical point for our review. The Cabinet contends that the Franklin Circuit Court erred by permitting Geupel to proceed with an original action pursuant to the provisions of KRS 45A.145 rather than limiting its review to the record of the administrative proceeding pursuant to KRS 13B.150. We agree that this is the issue that is properly dispositive of the dispute.

Concurrently with the filing of its reply brief, Geupel filed a motion to strike the Cabinet's brief. Geupel contended that the Cabinet engaged in argument with respect to the allegedly erroneous procedural aspect of the circuit court's ruling. Geupel contended that that argument should be stricken as it had not been addressed in Geupel's brief. Moreover, Geupel contended that the Cabinet had forfeited this argument by failing to perfect a cross-appeal. In the alternative, Geupel argued that the five-page limit assigned to its reply brief by the Civil Rules did not allow for a proper response to the Cabinet's argument and requested leave to file its tendered supplemental brief.

The Cabinet then filed its response and motion to file its own supplemental reply brief. Accordingly, Geupel filed a response and an additional motion to file yet another supplemental brief. By order of the court, the motions were passed to this merits panel for disposition.

■ Geupel principally contends that it had been blindsided by the Cabinet's arguments relative to the procedural issue. However, the Cabinet regarded the procedural question as a critical issue before the trial court. In its supplemental prehearing statement, the Cabinet specifically announced its intention to argue in this appeal that the Franklin Circuit Court had erred in allowing an original proceeding under KRS Chapter 45A. Additionally, in its designation of the record, the Cabinet included "the entire transcript of the March 19, 1997 administrative hearing."[3] The parties have been aware of the presence and magnitude of this issue since the inception of the action in Franklin Circuit Court. Therefore, we disagree with Geupel's contention that the argument should be stricken for failure of Geupel to raise it as a predicate for the Cabinet's argument.

■ We also disagree that the Cabinet is precluded from addressing this issue because it failed to perfect a cross-appeal. The judgment of the trial court wholly sustained and affirmed the position of the Cabinet and awarded Geupel nothing on its claims. Therefore, a cross-appeal was neither necessary nor appropriate.

■ A cross-appeal is appropriate only when the judgment fails to give the cross-appellant all the relief he had demanded or subjects him to some degree of relief he seeks to avoid. *Brown v. Barkley,* Ky., 628 S.W.2d 616 (1982). Geupel sought monetary relief on its claims. None was given. The trial court did reject the Cabi-

---

3. However, Geupel opposed the inclusion of this material in the record on appeal and filed a motion to strike it. That motion was denied by a panel of this court.

net's contention with respect to the nature of the hearing to which Geupel was entitled. However, the ultimate judgment did not substantively offend the position of the Cabinet. Thus, it was not necessary for the Cabinet to file a cross-appeal.

We hold that Geupel was on notice to address in its brief to this court the procedural argument that the Cabinet had clearly announced to be central to its position. Having failed to do so, Geupel now requests leave to file two additional briefs. It cites no authority in support of this request. However, in light of the importance of this issue, the panel has decided to grant Geupel's motions. We also grant the Cabinet's motion to file its own tendered supplemental reply brief. We admonish both sides, however, that their unconventional approaches to briefing this court are inappropriate and are being tolerated only in order to expedite this contentious, complicated, long-term dispute.

■ Before addressing the issues raised by Geupel, we shall first consider the Cabinet's procedural argument: that the Franklin Circuit Court erred in permitting Geupel to proceed with an original action pursuant to the provisions of KRS 45A.145 rather than limiting its review to the record of the administrative proceeding pursuant to KRS 13B.150. We agree that having chosen to pursue its administrative remedy to completion, Geupel was limited by statute to a judicial review of *that* proceeding. It was not entitled under these circumstances to pursue both the administrative process and then to seek direct judicial relief in a separate original action.

KRS Chapters 13A and 13B establish a uniform system of administrative and adjudicative procedures for state agencies. Among these procedures are administrative remedies by which persons aggrieved by an agency's action can seek redress.

The administrative remedies available under KRS Chapter 13B include the assignment of a contested case to a qualified hearing officer and the rendering of the agency's final decision on the case based upon the findings of the hearing officer. KRS 13B.080. If the results of these procedures are not satisfactory to the aggrieved party, judicial review of the final decision is available. KRS 13B.140.

KRS 177.020(7) provides that the "establishment, construction, or maintenance of the state primary road system shall be under the direction and control of the Department of Highways." The Transportation Cabinet is authorized to promulgate administrative regulations consistent with its jurisdiction. *Id.* The Cabinet is an administrative agency covered by the provisions of KRS Chapter 13B.

603 KAR 2:015 sets out the administrative claims process for addressing road-related disputes between the Transportation Cabinet and its contractors. Pursuant to 603 KAR 2:015, Section 10, all administrative proceedings must be in accord with the provisions of KRS Chapter 13B. KRS 13B.020(1) states that "the provisions of this chapter shall supersede any other provision of the Kentucky Revised Statutes and administrative regulations . . . to the extent these other provisions are duplicative or in conflict."

Geupel has not alleged that the administrative process which it invoked was inadequate or in any manner deficient. Instead, it contends that the administrative procedures offered by the Cabinet are not its exclusive means of redress. However, Geupel did not abandon the administrative action filed under KRS Chapter 13B in order to elect a separate action under KRS Chapter 45A. Instead, it pursued that original election of remedies to completion. We believe that it is compelled to follow

the appellate procedure set forth in KRS Chapter 13B rather than now being permitted to elect a wholly new statute and theory involving the filing of an original judicial action.

Geupel clearly elected the administrative avenue of relief and pursued it to its final determination. Only then did it seek to pursue a separate civil action. An analogy is found in those cases where aggrieved individuals have pursued separate avenues contemporaneously for the enforcement of civil rights violations.

In *Vaezkoroni v. Domino's Pizza, Inc.,* Ky., 914 S.W.2d 341 (1995), an employee filed three separate complaints with the Lexington–Fayette Urban County Human Rights Commission. In each instance, the commission investigated the allegations, issued a "No Probable Cause" determination, and dismissed the complaint. Following the dismissal of the complaints by the commission, Vaezkoroni filed a civil complaint in the Fayette Circuit Court based on the same allegations. The trial court awarded summary judgment in favor of the employer, and this court affirmed based on the doctrine of *res judicata.* The Kentucky Supreme Court also affirmed and held that the administrative and judicial avenues of relief provided by the Kentucky Civil Rights Act were alternative avenues of relief, refusing to allow Vaezkoroni to seek the option of judicial relief after having first elected the administrative course of action. *Id.* at 342. *See also Founder v. Cabinet for Human Resources,* Ky.App., 23 S.W.3d 221 (1999).

Particularly significant in this case is the fact that Geupel *never abandoned* its election of remedy under KRS Chapter 13B. By following it to completion, we hold that Geupel was restricted to an appeal brought pursuant to the dictates of that statute. Geupel's administrative claims sought the recovery of additional sums at a rate considerably higher than the contract price for the extra "undercutting" and "benching" required on the project. Its civil action sought exactly the same recovery. The facts and theories necessary to prevail before the agency were the same as those presented in the circuit court action. We agree with the Cabinet that it would be inequitable and unjust to allow Geupel to engage the agency's elaborate administrative procedures only to render them meaningless by being permitted to pursue an original action in circuit court. The legislation cannot be read to support such a misuse of resources either administrative or judicial.

In summary, it is HEREBY ORDERED as follows: 1) that Geupel's Motion to Strike the Cabinet's Brief is DENIED and that its Motion to File its First Supplemental Brief is GRANTED; 2) that the Cabinet's Motion to File its Supplemental Brief is GRANTED; 3) that Geupel's Motion to File its Second Supplemental Brief is GRANTED. The judgment of the Franklin Circuit Court is vacated, and the matter is remanded for an order dismissing.

ALL CONCUR.